C. Walter Impey, et al., Plaintiffs and Counterdefendants-Appellees, v. City of Wheaton, a Municipal Corporation, Defendant and Counterclaimant-Appellant.

**Gen. No. 64–41.**

Second District.

June 3, 1965.

Rehearing denied July 8, 1965.

Leonard Bosgraf, of Chicago, for appellant.

Corrigan and Mackay, of Wheaton (John R. Mackay, of counsel), for appellees.

CORYN, J.

On September 20, 1962, the City of Wheaton applied to the Circuit Court for a permanent order enjoining Walter and Wanda Impey and others, as beneficial owners, and Donald and Frances Impey, his wife, as occupants, from using a frame accessory building moved to the rear of the residential premises of Walter and Wanda Impey as an additional residence on a single lot, in violation of municipal ordinances. Subsequently, on April 22, 1963, the Impeys commenced an independent proceeding against the City praying a writ of mandamus requiring the City (a) to issue an occupancy permit for said accessory building, and

(b) to approve a plat of resubdivision of the premises, and (c) to issue a permit authorizing them to alter the structure, according to plans submitted, for use as a single family dwelling. These two causes were later consolidated with the Impeys designated as plaintiffs-counterdefendants (hereinafter called plaintiffs), and the City as defendant-counterplaintiffs (hereinafter called defendant). On March 3, 1964, after a hearing, the trial court entered an order finding (1) that plaintiffs have not complied with the requirements of the municipal building code and are not therefore entitled to mandamus for a residential occupancy permit, or for municipal approval of a submitted plat of resubdivision; (2) that plaintiff's frame accessory structure fails by approximately 50 sq. ft., as now constructed, to meet the minimum gross first floor area requirements of 700 sq. ft. imposed by ordinance, and therefore does not now qualify for residential use; (3) that plaintiff's accessory building, as now constructed, fails to meet the ventilation requirements of a residence as imposed by the city code; (4) that said accessory building is being occupied for residential purposes without a municipally required Certificate of Occupancy; and (5) that the accessory building considered for residential use does, however, meet the rear yard requirements of the ordinance. The order then directs "that a writ of mandamus issue herein forthwith, commanding the City . . . to issue a permit to the Plaintiffs . . . authorizing them to alter the . . . structure to permit its use as a single family dwelling upon Plaintiff's filing proper application for said building permit and complying with the building code with respect thereto; such application to be filed within 90 days and upon failure to do so the relief prayed . . . by the city . . . for an injunction prohibiting the occupancy of the premises as a residence

101

will issue. . . ." The order then contains the recitation: "It is further ordered that the court retain jurisdiction to enforce the above conditions." The defendant City thereupon initiated this appeal. The case was transferred here from the Second District.

In support of its prayer for reversal and for an order dismissing the application for mandamus and directing the issuance of a permanent injunction, defendant argues that the trial court erred in the issuance of the writ of mandamus directing the City to grant a building permit since the evidence establishes, and the trial court so found, that plaintiffs failed to show compliance with the ordinances of the City, and therefore failed to show a clear legal right to this extraordinary remedy, and that mandamus may not be properly granted, in any event, to take effect conditionally or prospectively, as here. The City also argues that municipalities are entitled by statute to apply for injunctive relief to enforce compliance with its valid building and zoning ordinances, and that the trial court, when it made its findings that the City's ordinances were being violated, should have issued forthwith the injunctive relief requested, and that it erred in failure to grant a permanent restraining order. Plaintiffs argue that the order appealed from is fully sustained by the evidence and the law.

 The jurisdiction of the Appellate Court to entertain the review of orders and decrees of the Circuit Courts derives from the provisions of section 7 of article VI of the Illinois Constitution, and is thereby limited to the consideration of final judgments, and to those interlocutory orders and decrees appealable by virtue of Supreme Court Rule 31, adopted pursuant to the same Constitutional authority. (Ill Rev Stats c 110, § 101.31 (1963)). Where the order or decree appealed from is not a final one, and where it is not one otherwise specifically appealable by Supreme

Court rule or statute, the Appellate Court is bound, on its own motion, to dismiss the appeal. General Electric Co. v. Gellman Mfg. Co., 318 Ill App 644, 48 NE2d 451.

In Bernard Bros. Inc. v. Deibler, 344 Ill App 222, 100 NE2d 512, it is stated that "a final decree is one which disposes of the merits of the case, although incidental matters may be reserved for consideration." The mere fact that a decree may be labeled interlocutory is not determinative, nor does the fact that jurisdiction may be retained for some purposes necessarily preclude its finality for appeal. The real test, said the court in Bernard Bros. Inc. v. Deibler, supra, "is whether the decree terminates the litigation on the merits, or whether it retains jurisdiction for future determination of matters of substantial controversy." In Chechik v. Koletsky, 305 Ill 518, 137 NE 419, a decree of the trial court found that complainant was entitled to a conveyance of specific realty upon complainant's paying a certain sum of money, and ordered the cause referred to a master to ascertain the exact amounts due from complainant. Jurisdiction was retained by the order, pending the report. The Supreme Court held that such an order does not terminate the litigation, and is not final or appealable or within its jurisdiction to review. In Chechik v. Koletsky, at 520, the Court stated that the decree appealed from "was not complete in itself and required further judicial action of the Chancellor [as opposed to an act of a ministerial officer of the court] to give it effect in order to grant the relief sought. The reference to the master was not for the purpose of executing or carrying out the decree but to ascertain facts upon which the final decree was to be based. If no other action had been taken after the rendition of that decree, it would have been of no avail to appellee. She could not have enforced it because it was not complete in

itself. In other words, it did not determine all the equities in the case but left some of them to be subsequently judicially determined. . . . A decree cannot be said to be final where it is impossible for the party in whose favor the decision is made to obtain any benefit therefrom without again setting the cause down for hearing before the court upon the part reserved . . . to ascertain certain facts which are absolutely necessary to be ascertained before the case is finally determined by the court or which the chancellor thinks proper to have ascertained before he grants relief to the complainant."

■■■ In our judgment, the decree in the instant case is not a final appealable order. It is not complete in itself, nor enforceable by its own terms. Neither party to the controversy can derive any benefit from its terms without setting the cause for a further adjudication of matters of substantial controversy for which jurisdiction was expressly reserved. The decree does not deny or refuse the permanent injunctive relief sought by defendant, nor does it in its declaration that an injunction will issue upon a future adjudication of facts, direct or prohibit any conduct in terms so definite, clear and precise as to demand obedience, or to be capable of enforcement or execution. See ILP, Injunctions, § 179. Although it makes findings favorable to each litigant in respect to the relief respectively prayed, and makes a ruling that the parties may or will be entitled to a judgment upon a further finding, the order, in fact, adjudicates nothing. Whether a writ of mandamus will or will not ultimately issue depends, by the very language of the order, and irrespective of its form, upon the same future adjudication that will be determinative of whether a permanent injunction will issue. This court cannot review mere findings made in the course of a trial. An appeal is premature until an adjudication is made

on those findings. A final and appealable order is one which terminates the litigation between the parties on the merits, so that if it is affirmed, the trial court has only to proceed with its execution. Walters v. Mercantile Nat. Bank of Chicago, 380 Ill 477, 44 NE2d 429, and Barrow v. Robinson, 28 Ill App2d 358, 171 NE2d 663. The order here, by its terms, contemplates further proceedings at a future time, and jurisdiction is reserved not merely in aid of execution, but for the purpose of determining what relief will be given. When the matters reserved for future determination by the trial court are finally adjudicated, the relief prayed by appellant may be granted. We think it would be anticipatory, speculative, and purposeless to attempt to review the propriety of a discretion not yet finally exercised.

We also conclude that the order appealed from is not appealable within the meaning of Supreme Court Rule 31. The order, irrespective of its form, neither grants nor refuses an injunction. It is not an order made pursuant to an application for preliminary or temporary relief, but one made in the course of a hearing on an application for a permanent restraining order. As stated previously, the order adjudicates no issue. We have no jurisdiction to review the question of whether an appealable order should have been granted. Our authority to review is limited to a consideration of appealable orders that have in fact been entered. Wenom v. Fossick, 213 Ill 70, 72 NE 732; Satterfield v. Fairfield Drainage Dist. No. 2 of Fairfield Tp., 15 Ill App2d 293, 145 NE2d 514. Accordingly, the appeal must be dismissed.

Appeal dismissed.

ALLOY, P. J. and STOUDER, J., concur.