**George F. Mueller & Sons, Inc., a Corporation, Plaintiff-Appellant, v. Frank V. Daly, Defendant-Appellee.**

Gen. No. 54,122.

First District, First Division.

May 11, 1970.

J. Edward Jones, of Blue Island, for appellant.

No brief for appellee.

MR. JUSTICE MURPHY delivered the opinion of the court.

Plaintiff appeals from orders which denied plaintiff's motions both to strike defendant's answer and to dismiss defendant's counterclaim. On appeal the determinative issue is whether the orders in question are appealable orders.

The defendant appellee filed no brief in this court but did file a motion to dismiss the appeal for the reason that "this appeal is an interlocutory appeal not coming within the provisions of Rule 307 or Rule 308 of the Supreme Court of Illinois."

In a countermotion, plaintiff moved that this court enter "any judgment order necessary to constitute the orders of March 13, 1969 and of April 3d, 1969 final orders under Rule 366(a)(5), pursuant to the affidavit of the plaintiff's attorney." In the affidavit, plaintiff's attorney states that when the orders were entered he "informed the Court that he desired to appeal from the order overruling his motion to strike portions of the said

answer and that he would stand on his motion and take an appeal," and "if this Court holds that the orders appealed from are interlocutory, they are so, affiant contends, because of the failure of the Court to render the proper order when the motions were overruled and affiant indicated that he intended to stand on the said motions," and "This Court has authority under Rule 366(a) (5) to correct this, and should do so to give effect to the expressed purpose of affiant."

Defendant's motion in this court and plaintiff's countermotion were taken with the case.

■ The denial of a motion to strike or dismiss, of itself, is not a final and appealable order within the purview of the Civil Practice Act or Supreme Court Rules 307 and 308. It is a mere interlocutory order, which does not finally dispose of the proceeding so as to give this court jurisdiction on appeal. See Chicago Housing Authority v. Abrams, 409 Ill 226, 228, 229, 99 NE2d 129 (1951), and People v. Miller, 35 Ill2d 62, 219 NE2d 475 (1966), where it is said (p 67):

> "We have uniformly held, both in civil and criminal cases, that no appeal lies from an interlocutory order in the absence of a statute or rule specifically authorizing such review. . . . The order denying the defendant's motion to dismiss was an interlocutory order. . . . Therefore, unless specific authority can be found authorizing an appeal from such an order the appellate court was without jurisdiction to consider it."

■ After examining this record, we think it is obvious that the orders appealed from are not "final orders" but "interlocutory orders" which do not meet the requirements of Supreme Court Rules 307 or 308 to be appealable.

■ As we are not persuaded that the provisions of Rule 366(a)(5) authorize this court, under the circumstances portrayed here, to enter a judgment or order so as to make the instant orders final or appealable orders, this court is without jurisdiction to hear the merits of plaintiff's appeal, and it is hereby dismissed.

Appeal dismissed.

BURMAN, P. J. and ADESKO, J., concur.