AETNA CASUALTY AND SURETY COMPANY, Plaintiff-Appellee, *v.* JAMES LE PES *et al.*, Defendants-Third Party Plaintiffs-Appellants—(STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Third Party Defendant-Appellee.)

(No. 70-104; 

Fifth District—February 2, 1972.

John E. Norton, of Belleville, (Edward J. Kionka, of Champaign, of counsel,) for appellants.

Brady, Donovan & Hatch, of Belleville, (C. R. Brady and Michael B. Constance, of counsel,) for appellee.

Mr. PRESIDING JUSTICE GEORGE J. MORAN delivered the opinion of the court:

James Le Pes and Bobbie Lee Le Pes appeal from an order of the trial court of St. Clair County dismissing a third party complaint they had filed against State Farm Mutual Automobile Insurance Company.

Aetna Casualty and Surety Company brought a declaratory judgment action against James and Bobbie Lee Le Pes for a determination of its liability under the "uninsured motorist" provision of its policy issued to them. The Le Peses filed a third party complaint against State Farm Mutual Automobile Insurance Company alleging it was the insuror of Wayne Howard Wilson who had allegedly caused injury to James Le Pes. They requested the trial court to adjudicate the rights and liabilities of all the parties under the terms and provisions of the policies issued by Aetna and State Farm.

The trial court dismissed the third party complaint upon motion of State Farm, and pursuant to Supreme Court Rule 304A found that there was no just reason for delaying enforcement or appeal. We dismiss the appeal because there is no final judgment in this case.

■■ "To be final and appealable, a judgment or order must terminate the litigation between the parties *on the merits* of the cause, so that, if affirmed, the trial court has only to proceed with the execution of the judgment." (Emphasis added.) (*The Village of Niles v. Szczesny*, 13 Ill.2d 45, 48.) Supreme Court Rule 304A applies only when the trial court enters a *final* order, judgment or decree as to one or more but fewer than all of the parties or claims and accompanies that *final* order, judgment or decree with the express finding that there is no just reason for delaying enforcement or appeal. An order which is not final in its character apart from the special finding is not appealable. *Midstates Finance Co. v. Waller*, 67 Ill.App.2d 437; *Harris Trust & Sav. Bank v. Briskin Mfg. Co.*, 63 Ill.App.2d 12.

■■ The trial court's dismissal of appellant's third party complaint did not determine that State Farm was not or could not be liable to the Le Peses if Wilson was liable for James Le Pes's injuries

Since the order of the trial court was not on the merits and did not

dispose of the rights of the parties, either upon the entire controversy or upon any part thereof, it is not final and therefore not appealable.

Appeal dismissed.

EBERSPACHER, and JONES, JJ., concur.