JOLIET FEDERAL SAVINGS AND LOAN ASSOCIATION, Plaintiff-Appellee, *v.* O'HARE INTERNATIONAL BANK, as Trustee, *et al.,* Defendants-Appellants.

(No. 73-40;

Third District—July 17, 1973.

William M. Ahlenius, of Peoria, and Codo & Bonds, of Joliet, (Alexander Bonds, of counsel,) for appellants.

O'Hern, Wombacher & Bradley, and Frederick Sweat, both of Peoria, Robson, Masters, Ryan, Brummund & Belom, of Joliet, and Thomas E. Moran, of Chicago, (Sidney Z. Karasik, of counsel,) for appellees.

Mr. PRESIDING JUSTICE STOUDER delivered the opinion of the court:

Plaintiff-Appellee, Joliet Federal Savings and Loan Association commenced this action in the Circuit Court of Peoria County to enforce its mortgage on real estate, the title to which was in O'Hare International Bank as trustee. The complaint also named Shirley Fahey and Norman Codo as defendants, said parties being the beneficial owners of the real

estate. Pursuant to Ill. Rev. Stat. 1971, ch. 77, sec. 18d, the complaint included a provision seeking a decree in accord with such section of the statute if the defendants, O'Hare International, Shirley Fahey and Norman Codo, consented thereto. In substance this section of the statute provides that under certain conditions ownership of the mortgaged property may be vested in the mortgagee in full satisfaction of the mortgage indebtedness, free and clear of any claims of the mortgagor. The defendants-appellants, O'Hare International, Fahey and Codo, answered the complaint including their written consent as required by this section of the statute. They thereafter moved for the entry of a decree in accord with the request contained in the plaintiff's complaint, but at this time the plaintiff withdrew its consent by amending its complaint and eliminating its request for any relief pursuant to this section of the statute. The trial court permitted the amendment of the complaint and at the same time denied defendants' motion for the entry of a decree in accord with the prayer of the complaint as it existed prior to the amendment. It is this order denying defendants' motion which is the subject of this appeal.

Appellants have argued the court erred in denying their motion because once their consent was filed there was in effect a stipulation contractual in nature, binding on all parties. However, the appellee in addition to contesting appellants' claims of error on its merits has raised a preliminary question regarding the appealability of the order in question and has moved to dismiss the appeal because the order is not appealable. We agree with the appellee the order in question is not appealable and consequently, the merits of the appeal will not be considered.

■■ The general rule is that only final judgments are appealable to this court unless the judgment or order comes within one of the exceptions described in the Supreme Court Rules. Supreme Court Rule 304 (Ill. Rev. Stat., 1971, ch. 110A, sec. 304) provides for appeals in cases where not all issues have been adjudicated or where issues between less than all the parties have been adjudicated. Supreme Court Rules 306, 307 and 308 (Ill. Rev. Stat., 1971, ch. 110A, secs. 306, 307 and 308) provide for appeals from orders or judgments interlocutory and not final. However, appellants, in their response to appellee's motion, concede that the order in this case does not come within any of the exceptions described in the rules, but according to appellants the order must be considered final and hence appealable.

■■ Before a judgment or order is considered final, it must dispose of or terminate the litigation or some definite part of it on the merits of the cause. (*Village of Niles v. Szczesny*, 13 Ill.2d 45, 147 N.E.2d 371 and *LaVida, Inc. v. Robbins*, 33 Ill.App.2d 243, 178 N.E.2d 412.) If the court

retains jurisdiction for future determination of matters of substantial controversy, the order is not final. *Bernard Bros. Inc. v. Deibler*, 344 Ill. App. 222, 100 N.E.2d 512 and *Impey v. City of Wheaton*, 60 Ill.App.2d 99, 208 N.E.2d 419.

■■ While there are no Illinois cases which have specifically considered the finality of an order entered pursuant to a motion such as that filed in this case by the appellants, it can be concluded the order does not terminate the litigation on its merits. The gist of appellee's action is the enforcement of a mortgage and the order entered does not determine the rights of the parties relative to the enforcement of the mortgage. The motion which is the basis of the order, is similar to defendant's motion for judgment on the pleadings or a motion for summary judgment. In either case it might be said the court's adverse ruling or order may be dispositive of the issue raised by the motions but such orders are nevertheless related to and not independent of issues yet to be resolved by the court. If a decree of foreclosure is entered in this case, then a final appealable order will have been entered. An appeal from such order would enable this court then to consider the merits of appellants' contentions as a part of the determination of the entire controversy on its merits.

For the foregoing reasons, the appeal from the order of the Circuit Court of Peoria County is dismissed.

Appeal dismissed.

DIXON and SCOTT, JJ., concur.