JAMES D. PETERSON et al., Plaintiffs-Appellants, v. TAZEWELL COUNTY et al., Defendants-Appellees.

(No. 74-237;

Third District—June 12, 1975.

*Rehearing denied July 8, 1975.*

Moehle, Moehle, Reardon & Associates, of Washington (G. Joseph Weller, of counsel), for appellants.

C. Brett Bode, State's Attorney, of Pekin (Thomas Leiter, Assistant State's Attorney, of counsel), for appellees.

Mr. JUSTICE BARRY delivered the opinion of the court:

This is an action by plaintiffs for themselves and all other taxpayers in Tazewell County to enjoin defendants from transferring sums from the county's general fund to the county nursing home account to cover an operating deficit. The second amended complaint alleges no adequate remedy at law and that the disbursement, if permitted, would wrongfully divert public moneys to private use in violation of article I, section 2, and of article VIII, sections 1(a) and (b), of the 1970 Constitution, since the operating deficit derives from the county board's failure to charge private, paying patients the full cost of their care as required by law (Ill. Rev. Stat., ch. 34, pars. 303 (7), 5368, 5369, and 5373). On defen-

dants' motion, the foregoing pleading was dismissed for failure to state a cause of action and for other defects appearing on the face. The order of dismissal contains a finding that "there is no just reason for delaying enforcement or appeal  *  *  *." Accordingly, plaintiffs have filed this appeal which we dismiss for want of jurisdiction.

■■   Notwithstanding that there are multiple parties in this litigation, only a single claim is involved and no final, appealable order has been entered on that single claim as to any party. An order dismissing the second amended complaint is not a final judgment and is not appealable. (*Rutledge v. Niewoehner*, 1 Ill.App.3d 2, 272 N.E.2d 409 (5th Dist. 1971).) To be a final appealable order, the dismissal must have been entered with prejudice (*Brainerd v. First Lake County National Bank*, 1 Ill.App.3d 780, 275 N.E.2d 468 (2d Dist. 1971)), so as to finally terminate litigation on the claim, if we affirm. (*Aetna Casualty & Surety Co. v. Le Pes,* 3 Ill.App.3d 817, 279 N.E.2d 184 (5th Dist. 1972); see also *Joliet Federal Savings & Loan Ass'n v. O'Hare International Bank*, 12 Ill.App.3d 1012, 299 N.E.2d 350, 351 (3d Dist. 1973).) Supreme Court Rule 304(a) (Ill. Rev. Stat., ch. 110A) recites:

> "If multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from *a final judgment as to one or more but fewer than all of the parties or claims* only if the trial court has made an express written finding that there is no just reason for delaying enforcement or appeal." (Emphasis added.)

The rule does not dispense with the necessity of a final order at least as between some of the parties or as between some or all of them on fewer than all the claims. Absent compliance with that requirement here, the finding by the circuit court "that no just reason exists for delaying enforcement or appeal," implying as it does, a reservation of jurisdiction in the circuit court for some purpose, does not confer appellate jurisdiction (*Davis v. Childers*, 33 Ill.2d 297, 211 N.E.2d 364 (1965); *Aetna Casualty & Surety Company v. Le Pres*), and we are, therefore, required to dismiss. (*Impey v. City of Wheaton*, 60 Ill.App.2d 99, 208 N.E.2d 419 (2d Dist. 1965).)

Appeal dismissed.

STOUDER and ALLOY, JJ., concur.