DANIEL N. FINDLEY, Plaintiff and Defendant and Counterdefendant-Appellant, *v.* CATHY POSWAY, Defendant and Plaintiff and Counterplaintiff-Appellee.

First District (5th Division)    No. 82—1276

Opinion filed October 21, 1983.

James A. Swanson, of Chicago, for appellant.

Goggin & Furda, of Chicago (Gregory H. Furda, of counsel), for appellee.

PRESIDING JUSTICE WILSON delivered the opinion of the court:

This is an appeal taken by plaintiff-counterdefendant Daniel N. Findley from an order of the circuit court of Cook County denying the motion of plaintiff to strike the counterclaim of defendant-counterplaintiff Cathy Posway. Although it was not brought to this court's attention by the parties, we observe that we lack jurisdiction to hear this appeal because no final and appealable order was entered by the trial court. For this reason we find it unnecessary to reach the merits of this appeal and the appeal is dismissed.

On May 5, 1978, Findley filed the original suit for alleged property damage resulting from an accident of December 22, 1977, against Posway and she was personally served.

On May 17, 1978, Posway filed the second suit for alleged property damage based on the same against Findley and personal service was had on him. On November 4, 1979, Findley filed the third suit for alleged personal injuries resulting from the same occurrence of December 22, 1977, against Posway. She was personally served on August 11, 1980.

Finally, on September 10, 1981, all three cases were consolidated.

Previous thereto, on July 20, 1981, Posway sought leave to file her counterclaim for personal injuries against Findley pursuant to the provisions of section 17 of the Limitations Act (the Act) (Ill. Rev. Stat. 1979, ch. 83, par. 18). This section permits the filing of a counterclaim for personal injuries arising out of the same occurrence after the expiration of the period of limitations applicable to the pleaded cause of action to which the counterclaim responds.

Following a hearing, the trial court on January 20, 1983, granted Posway leave to file her appearance, jury demand and counterclaim and, upon agreed order, Findley was granted an extension of time to plead to the counterclaim until March 17, 1982.

Counterdefendant Findley then moved, on April 6, to strike and dismiss the counterclaim for personal injuries, claiming that counterplaintiff Posway could not avail herself of the right to file a counterclaim pursuant to the provisions of the Act because she was an active

litigant seeking relief of the court as a plaintiff in one suit and as a defendant in two others prior to the tolling of the statute of limitations applicable to her personal injury action. After a hearing, including arguments of counsel, the trial court denied the motion to strike. The pertinent portion of the order is as follows:

"*** It is hereby ordered that the motion to strike the counterclaim of defendant Cathy Posway be, and is hereby denied and the counter defendant be given 28 days to answer or otherwise plead.

It is further ordered that the court finds no just reason to delay enforcement or appeal of this order as it is final and appealable."

Plaintiff-counterdefendant Findley filed his notice of appeal on May 25, 1982.

It is the duty of this court to consider whether it has jurisdiction to hear an appeal even though this issue was not raised by the parties. *Keen v. Davis* (1969), 108 Ill. App. 2d 55, 246 N.E.2d 467.

Supreme Court Rule 304(a) (73 Ill. 2d R. 304(a)) provides that where multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all the claims only if the trial court has made an express written finding that there is no just reason for delaying enforcement or appeal. To be appealable thereunder, the order must contain the requisite express finding (*Chicago Miniature Lamp Works, Inc. v. D'Amico* (1979), 78 Ill. App. 3d 269, 397 N.E.2d 138) and must be final in its character apart from that finding (*O'Donnell v. Sears, Roebuck & Co.* (1979), 71 Ill. App. 3d 1, 388 N.E.2d 1073), as mere inclusion thereof cannot confer appellate jurisdiction where the order is not in fact final. *Hayna v. Arby's, Inc.* (1981), 99 Ill. App. 3d 700, 425 N.E.2d 1174; *Johnson v. Northwestern Memorial Hospital* (1979), 74 Ill. App. 3d 695, 393 N.E.2d 712 (dismissing an appeal despite inclusion of a Rule 304(a) finding).

A final order is one which terminates and disposes of the parties' rights regarding issues in the suit so that, if affirmed, the trial court has only to proceed with execution of judgment. (*Maple Investment & Development Corp. v. Skore* (1976), 38 Ill. App. 3d 654, 348 N.E.2d 498; *Gutenkauf v. Gutenkauf* (1979), 69 Ill. App. 3d 871, 387 N.E.2d 918.) Where an order of the court leaves a cause still pending and undecided, it is not a final order. (*Gutenkauf; La Vida, Inc. v. Robbins* (1961), 33 Ill. App. 2d 243, 178 N.E.2d 412.) We point out that "the purpose of the rule is to prevent a multiplicity of suits and piecemeal appeals." *Robinson v. City of Geneseo* (1966), 77 Ill. App. 2d 308, 310,

222 N.E.2d 331.

Jurisdiction of this court to hear an appeal is confined to reviewing appeals from final judgments unless it comes within one of the exceptions for interlocutory orders specified by Supreme Court Rules. (*Johnson v. Northwestern Memorial Hospital; Joliet Federal Savings & Loan Association v. O'Hare International Bank* (1973), 12 Ill. App. 3d 1012, 299 N.E.2d 350; *Bulk Terminals Co. v. Environmental Protection Agency* (1976), 65 Ill. 2d 31, 357 N.E.2d 430.) In the pending case, the entry of the order denying the motion to strike the counterclaim is not a final judgment even though the requisite express finding is included, because it does not terminate and dispose of the parties' rights regarding issues in the suit, but leaves the cause pending and undecided. *Highway Industries, Inc. v. Trailer Leasing Co.* (1977), 48 Ill. App. 3d 235, 237, 363 N.E.2d 60 (holding the denial of plaintiff's motion to strike defendant's answer and counterclaim to be an interlocutory order); see *Cahokia Sportservice, Inc. v. Illinois Liquor Control Com.* (1975), 32 Ill. App. 3d 801, 336 N.E.2d 276; *George F. Mueller & Sons, Inc. v. Daly* (1970), 124 Ill. App. 2d 265, 260 N.E.2d 319 (concluding that orders denying plaintiff's motion to strike defendant's answer and counterclaim were interlocutory orders); *Walsh v. Walsh* (1943), 319 Ill. App. 253, 48 N.E.2d 729 (abstract) (finding denial of defendant's motion to strike supplemental and amended complaint and counterclaim to not be final or appealable).

Without expressing any opinion as to the merits, we also comment that the denial of counterdefendant's motion to strike the counterclaim does not preclude him from raising the defense of statute of limitations in his answer as an affirmative defense because the court in its order granted counterdefendant 28 days to answer or otherwise plead. The statute of limitations is an affirmative defense which must be pleaded and proved by defendant. *Book v. Ewbank* (1941), 311 Ill. App. 312, 35 N.E.2d 961; *Anfinsen Plastic Molding Co. v. Konen* (1979), 68 Ill. App. 3d 355, 386 N.E.2d 108.

Accordingly, for the reasons stated, a final and appealable order has not been presented for a disposition by this court and the appeal is dismissed.

Appeal dismissed.

LORENZ and MEJDA, JJ., concur.