MAURA C. O'HARA *et al.*, Plaintiffs-Appellants, v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY *et al.*, Defendants-Appellees.

First District (1st Division)   No. 84—0798

Opinion filed September 30, 1985.

Walsh, Case, Coale, Brown & Burke, of Chicago (John J. Foley, of counsel), for appellants.

Taylor, Miller, Magner, Sprowl & Hutchings, of Chicago, for appellees.

JUSTICE CAMPBELL delivered the opinion of the court:

Plaintiffs, Maura C. O'Hara and Mary Mitchell, brought a declaratory judgment action against defendant, State Farm Insurance Company, seeking a declaration that a conflict of interest existed between plaintiffs and defendant in an underlying tort action. On defendant's motion, the trial court dismissed plaintiffs' complaint "without prejudice" for failure to state a cause of action. Plaintiffs appeal from the order of dismissal.

On March 13, 1981, plaintiffs were involved in a one-car automobile accident. O'Hara, the driver of the vehicle, sustained personal injuries as a result of the accident. Mitchell, a passenger in the auto, was killed. The administrator of the Mitchell estate brought an action against O'Hara for wrongful death and personal injuries. O'Hara filed a counterclaim against the administrator of Mitchell's estate for personal injuries. In the counterclaim, O'Hara alleged that Mitchell, while a passenger in the car driven by O'Hara, grabbed the steering wheel and caused the accident, or in the alternative, that Mitchell was the driver of the vehicle and O'Hara was her passenger. The automobile in which the plaintiffs were riding at the time of the accident was insured by defendant, State Farm. Defendant retained separate counsel for each plaintiff to defend their interests in the lawsuit. The plaintiffs then filed a declaratory judgment action against defendant claiming a conflict of interest existed for defendant in its representation of the interests of both plaintiffs in the tort action. Plaintiffs sought a declaration that defendant be barred from participating in the defense of either plaintiff, that the respective attorneys retained by defendant to represent the plaintiffs be disqualified, and that plaintiffs be given the right to hire their own defense counsel. Defendant filed a motion to dismiss pursuant to section 2—615 of the Code of Civil Procedure

(Ill. Rev. Stat. 1983, ch. 110, par. 2—615) challenging the legal sufficiency of the complaint. The trial court held that since no insurance coverage issue existed, and defendant was willing to pay judgments entered against either or both parties, there was no conflict of interest. The order of the court dismissed plaintiffs' action "without prejudice." In addition, pursuant to Supreme Court Rule 304(a) (87 Ill. 2d R. 304(a)), the court found that there was no just reason for delaying enforcement or appeal.

At oral argument in this matter, this court, on its own motion, ordered the parties to submit supplemental memoranda concerning the issue of whether the order appealed from is final and appealable such as to vest this court with jurisdiction to review that order. We find that the order in the case at bar is, on its face, a nonappealable order because of the recitation "without prejudice."

■■■ Before considering the merits of an appeal, it is the duty of this court to consider whether it has jurisdiction to hear the appeal even though this issue was not raised by the parties. (*Camp v. Chicago Transit Authority* (1980), 82 Ill. App. 3d 1107, 403 N.E.2d 704; *Keen v. Davis* (1969), 108 Ill. App. 2d 55, 246 N.E.2d 467.) Jurisdiction of this court to hear an appeal is confined to reviewing appeals from final judgments unless it comes within one of the exceptions for interlocutory orders specified by the supreme court rules. (*Joliet Federal Savings & Loan Association v. O'Hare International Bank* (1973), 12 Ill. App. 3d 1012, 299 N.E.2d 350.) A judgment or decree is final and reviewable if it either terminates the litigation between the parties, either on the entire controversy or some definite part thereof, so that, if affirmed, the trial court has only to proceed with execution. (*Petersen Brothers Plastics, Inc. v. Ullo* (1978), 57 Ill. App. 3d 625, 373 N.E.2d 416.) Where an order of the court leaves a cause still pending and undecided, it is not a final order. *Gutenkauf v. Gutenkauf* (1979), 69 Ill. App. 3d 871, 387 N.E.2d 918.

■■ The specific issue we address here is the effect on appealability of the use of the words "without prejudice" in the order of the trial court. Generally, an order striking a complaint or granting a motion to dismiss is not final and appealable unless it indicates it is "with prejudice." (*Martin v. Marks* (1980), 80 Ill. App. 3d 915, 400 N.E.2d 711.) While this language is not essential to a determination of what constitutes a final and appealable order, the terms are indicative of the fact that plaintiff will not be allowed to plead over and that the litigation is terminated. *Martin v. Marks* (1980), 80 Ill. App. 3d 915, 400 N.E.2d 711.

■■ In *Arnold Schaffner, Inc. v. Goodman* (1979), 73 Ill. App. 3d

729, 392 N.E.2d 375, the trial court entered an order dismissing plaintiff's action "without prejudice" and plaintiffs appealed. This court held that the dismissal order was nonappealable on its face because of the recitation "without prejudice." Our supreme court has indicated that the language "without prejudice" in a dismissal order "clearly manifests the intent of the court that the order not be considered final and appealable." *Flores v. Dugan* (1982), 91 Ill. 2d 108, 114, 435 N.E.2d 480, 483. See also *Lundy v. Whiting Corp.* (1981), 93 Ill. App. 3d 244, 417 N.E.2d 154; *Peterson v. Tazewell County* (1975), 29 Ill. App. 3d 915, 330 N.E.2d 888.

■ Plaintiffs argue that defendant's motion to dismiss was an involuntary dismissal pursuant to section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—619), and it therefore operates as an adjudication on the merits and is appealable under the supreme court rules. (87 Ill. 2d R. 273.) Plaintiffs support this argument with the fact that defendant filed an affidavit in support of the motion. Our review of the record indicates that defendant labelled, presented and argued its motion to dismiss pursuant to section 2—615. Motions under section 2—615 attack only the legal sufficiency of the complaint (*Johnson v. Nationwide Business Forms, Inc.* (1976), 41 Ill. App. 3d 128, 359 N.E.2d 171) and, when the motion is granted, a plaintiff is permitted to amend his complaint or plead over (*Bebee v. Fields* (1979), 79 Ill. App. 3d 1009, 398 N.E.2d 1214). Further, the filing of an affidavit does not automatically transform a section 2—615 motion into a section 2—619 motion. *Davis v. Weiskopf* (1982), 108 Ill. App. 3d 505, 439 N.E.2d 60.

■ We recognize that the order in the case at bar is ambiguous on its face. While dismissing the case "without prejudice," the order then recites, pursuant to Supreme Court Rule 304(a) (87 Ill. 2d R. 304(a)), that "there is no just reason to delay enforcement or appeal." The use of this language gives rise to confusion and it is possible that the order of the court was erroneously drawn. However, it is well established that inclusion of Rule 304(a) language does not make a nonappealable order final and appealable. (*Smith v. Goldstick* (1982), 110 Ill. App. 3d 431, 442 N.E.2d 551; *Aetna Casualty & Surety Co. v. LePes* (1972), 3 Ill. App. 3d 817, 279 N.E.2d 184.) This language does not necessitate or justify our speculating or guessing as to the trial judge's intent. *Aetna Casualty & Surety Co. v. LePes* (1972), 3 Ill. App. 3d 817, 279 N.E.2d 184.

Thus, we conclude that by instructing that the dismissal order read "without prejudice," the trial court did not make any final determination of rights or liabilities or an adjudication on the merits.

Therefore, the order was not final and appealable.
Based on the foregoing, the appeal is dismissed.

Appeal dismissed.

BUCKLEY, P.J., and McGLOON, J., concur.