WILLIAM J. RENZULLI, Plaintiff-Appellant, v. ZONING BOARD OF AP-
PEALS OF THE CITY OF WOOD DALE *et al.*, Defendants-Appellees.

Second District   No. 2—88—0168

Opinion filed November 29, 1988.

Kenneth E. Poris, of Poris, Lawrence & Evans, of Lisle, and Jan W.
Poris, of Wheaton, for appellant.

Erwin W. Jentsch, of Bradtke & Zimmerman, of Mount Prospect, for
appellees.

JUSTICE NASH delivered the opinion of the court:

Plaintiff, William Renzulli, appeals from an order dismissing his
second amended complaint against defendants, Zoning Board of Ap-
peals of the City of Wood Dale, Illinois, and the City of Wood Dale,
for failure to state a cause of action. Plaintiff contends that the trial

court erred as the complaint pleaded facts sufficient to state a cause of action against defendants.

The plaintiff is the owner of residential property in Wood Dale, where he maintains his home. Plaintiff's young son suffers a profound hearing loss and, according to the plaintiff, is unable to appreciate or comprehend the dangers of playing in the street. The plaintiff built a brick and wrought iron fence enclosing his front yard for the protection of the child.

The Wood Dale Municipal Code restricts the erection of fences in front yards, except under certain circumstances. (Wood Dale, Ill., Municipal Code, ch. 9, §9—3) After the zoning board complained about the plaintiff's fence, the plaintiff sought a variance. The zoning board of appeals held a public hearing and then recommended denial of the proposed variance; the city council voted to concur with the recommendation and deny the variance.

The plaintiff filed a series of complaints against the zoning board and the city in the circuit court. His second amended complaint for declaratory relief requests an order declaring that (1) the denial of the variance was "arbitrary and capricious, without adequate foundation in fact or law," and (2) that the Wood Dale fence restrictions are "unconstitutional, against public policy and void as applied to the subject property." The defendants moved to dismiss the complaint pursuant to section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—615) for failure to state a cause of action. The trial court granted the motion to dismiss, and plaintiff appeals.

The January 19, 1988, order from which the plaintiff appeals states that "plaintiff's second amended complaint be and hereby is dismissed without prejudice and that there is no just reason to delay appeal."

Although neither party has questioned this court's jurisdiction, we have an obligation to raise it *sua sponte* and to dismiss the appeal if jurisdiction is lacking. (*Archer Daniels Midland Co. v. Barth* (1984), 103 Ill. 2d 536, 539, 470 N.E.2d 290, 292.) We find that jurisdiction is lacking in this case because the order from which the appeal is taken is not a final order.

■ Our jurisdiction to hear an appeal is limited to review of appeals from final orders (107 Ill. 2d R. 301), unless the order appealed from comes within one of the exceptions for interlocutory orders set forth in the supreme court rules (see 107 Ill. 2d Rules 306, 307, 308). (*Findley v. Posway* (1983), 118 Ill. App. 3d 824, 827, 455 N.E.2d 861, 863.) None of these exceptions for interlocutory orders are applicable in this case.

■ The order appealed from here states that the second amended complaint is dismissed without prejudice. Our supreme court has determined that the language "without prejudice" in a dismissal order "clearly manifests the intent of the court that the order not be considered final and appealable" (*Flores v. Dugan* (1982), 91 Ill. 2d 108, 114, 435 N.E.2d 480, 483), and it has been held that an order is "on its face a nonappealable order because of the recitation of 'without prejudice.'" *Arnold Schaffner, Inc. v. Goodman* (1979), 73 Ill. App. 3d 729, 731, 392 N.E.2d 375, 377.

■ Although the order in this case dismisses the plaintiff's amended complaint without prejudice, it also provides "that there is no just reason to delay appeal." This addition to the order does not affect either its finality or appealability. The language is taken from Supreme Court Rule 304(a), which states in relevant part:

> "If multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying enforcement or appeal." 107 Ill. 2d R. 304(a).

Although the trial judge made the requisite finding under this rule, it is apparent that the rule does not apply to the case at bar. This appeal is from an order dismissing all pending claims of the only plaintiff, and, by its own terms, Rule 304(a) only applies to final judgments as to fewer than all parties or all claims and is therefore not applicable here. It is well established that the inclusion of Rule 304(a) language does not make an otherwise nonappealable order final and appealable. *In re Application of Anderson* (1986), 142 Ill. App. 3d 238, 240, 491 N.E.2d 871, 872.

The order in this case is virtually identical to the order entered in *O'Hara v. State Farm Mutual Automobile Insurance Co.* (1985), 137 Ill. App. 3d 131, 484 N.E.2d 834. In that case, as here, on the defendant's motion to dismiss for failure to state a cause of action, the trial court dismissed the plaintiff's complaint "without prejudice" and further stated "that there is no just reason to delay enforcement or appeal." The reviewing court found that the language of the order was ambiguous and confusing and suggested the possibility that the order had been erroneously drawn. However, the reviewing court held that inclusion of the Rule 304(a) language did not necessitate or justify speculation as to the trial judge's intent because, by including the "without prejudice" language, the lower court had not made a final determination of rights or liabilities or an adjudication on the merits

and the order was not final or appealable. *O'Hara*, 137 Ill. App. 3d at 134-35, 484 N.E.2d at 837.

As the order dismissing plaintiff's second amended complaint was without prejudice, it was not final, and the appeal from it must be dismissed.

Appeal dismissed.

INGLIS and UNVERZAGT, JJ., concur.