720 RAND, INC., d/b/a Honey Bee Snack Shop, Plaintiff-Appellant, v. THE HOME INDEMNITY COMPANY, Defendant-Appellee.

First District (6th Division) No. 1—88—2553

Opinion filed September 8, 1989.—Rehearing denied October 10, 1989.

Martin & Karcazes, Ltd., of Chicago (George D. Karcazes and Allen C. Wesolowski, of counsel), for appellant.

Leahy & Eisenberg, Ltd., of Chicago (John J. McInerney and Paul O. Watkiss, of counsel), for appellee.

PRESIDING JUSTICE EGAN delivered the opinion of the court:

The plaintiff first filed a chancery complaint and later a law complaint against its insurer to recover for losses resulting from a fire on November 26, 1985. The circuit court first dismissed the chancery

complaint and later the law complaint, which was dismissed pursuant to section 2—619(a)(5) of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—619(a)(5)) on the ground that the law complaint was not filed within the one-year period after the loss as required by the insurance policy. The dismissal of the law complaint is the basis of this appeal; but, contrary to the defendant's argument, the chancery complaint will be considered here. The defendant has argued at great length that we have no jurisdiction over the chancery complaint. That argument was unnecessary. The plaintiff has never suggested that we do have jurisdiction; and we wish to make it clear that by discussing the chancery complaint, which we believe is very relevant, we are not suggesting we have jurisdiction over that complaint.

The plaintiff submitted a proof of loss to the defendant seeking a total of $181,725.56. Over six months later, the defendant denied coverage on the grounds that the plaintiff had made fraudulent representations and that the plaintiff caused the fire.

The policy required that the insured bring "suit within one year after the date loss occurs." Section 143.1 of the Illinois Insurance Code (Ill. Rev. Stat. 1985, ch. 73, par. 755.1) provides that the one-year period is tolled from the time the insured submits the proof of loss until the insurer informs the insured that the claim has been rejected.

The following is the pertinent sequence of events:

(1) The loss occurred on November 25, 1985, and the insured filed proof of loss on January 21, 1986, thus tolling the limitation.

(2) On July 31, 1986, the defendant denied the claim, thus ending the tolling.

(3) On December 5, 1986, the plaintiff filed a declaratory judgment complaint in the chancery division to recover on the policy. The complaint also prayed for specific performance and punitive damages. It is clear that the complaint was filed within the term required by the policy.

(4) The defendant filed a motion to dismiss the complaint or, alternatively, to transfer the case to the law division. That motion is not part of the record, but from remarks of counsel in the trial court and statements made in oral argument in this court, we know that the motion in part maintained that the plaintiff's claims for declaratory judgment and specific performance were actually for breach of contract, an action at law. Our conclusion is buttressed by the fact that the motion alternatively sought removal of the case to the law division.

(5) On February 10, 1987, the judge dismissed the chancery complaint without prejudice and granted the plaintiff 21 days to file an amended complaint. It is the effect of this order which is the heart of this case. The court did not rule on the motion to transfer to the law division.

(6) The plaintiff never did file an amended complaint. Instead, on February 10, 1988, exactly one year from the dismissal of the chancery complaint, the plaintiff filed an action for breach of contract and for recovery under the Insurance Code for vexatious refusal to pay. The factual allegations of the law complaint are virtually identical to those of the chancery complaint.

(7) On April 14, 1988, the chancery complaint was dismissed for want of prosecution.

(8) On May 20, 1988, the defendant filed a motion to dismiss the law complaint on the ground that it had not been filed within the one-year policy requirement.

On June 7, 1988, the judge allowed the motion to dismiss with prejudice for not having been timely filed under the requirements of chapter 110, section 13—217 (Ill. Rev. Stat. 1985, ch. 110, par. 13—217).

On July 13, 1988, the plaintiff filed a motion to vacate that part of the dismissal order which specified that the dismissal was with prejudice or, in the alternative, to enter a dismissal order without prejudice based on the pendency of the chancery complaint. The judge denied the motion to vacate.

The plaintiff contends that the judge abused his discretion in dismissing the law complaint with prejudice pursuant to section 2—619(a)(5) of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—619(a)(5)) and in denying the motion to vacate.

■ We wish to express some puzzlement over the issue as posited by the plaintiff. We do not understand how discretion enters into a decision whether to dismiss because of the expiration of a statutory or contractual limitation. If the period has run, the judge must dismiss, absent any tolling circumstances, such as the statute, or other circumstances excusing performance, such as waiver or estoppel; if it has not run, the judge may not dismiss. Therefore, the first question before us is whether the contractual limitation period had expired at the time the law complaint was filed.

Since the law complaint was filed more than two years after the proof of loss was submitted, and the tolling period was six months, the law complaint was filed six months after the expiration of the policy period. The next question is whether any circumstances exist

which excuse performance. There are none. The final question then is why the complaint should not have been dismissed. The plaintiff provides answers to that question which we will discuss later.

■ A preliminary discussion of the applicable law is required. The principal statute involved is section 13—217 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 13—217), which provides that a new action may be filed within one year or within the remaining period of a limitation *after* any of the following: a judgment entered for the plaintiff but reversed on appeal; a verdict rendered in favor of the plaintiff but judgment then entered against the plaintiff in arrest of judgment; an action voluntarily dismissed by the plaintiff; an action dismissed for want of prosecution; and an action dismissed by the United States District Court for want of jurisdiction.

At this juncture we refer to the order dismissing the chancery case which was without prejudice and with leave to amend. This was not a final order (*O'Hara v. State Farm Mutual Automobile Insurance Co.* (1985), 137 Ill. App. 3d 131, 484 N.E.2d 834) and is obviously not one of the orders included in section 13—217. The order subsequently entered in the chancery case dismissing the complaint for want of prosecution, which was entered after the law complaint had been filed, just as obviously is included in section 13—217. Thus, the posture of this case is this: the plaintiff filed an action before rather than after the dismissal for want of prosecution. At first blush, it appears that the plaintiff is being punished for doing something before an occurrence rather than after and that such punishment is unfair and contrary to the liberal spirit of the repleading statute. See *Roth v. Northern Assurance Co.* (1964), 32 Ill. 2d 40, 203 N.E.2d 415.

But other considerations exist. As the supreme court said in a case cited by the plaintiff (*Gendek v. Jehangir* (1988), 119 Ill. 2d 338, 343, 518 N.E.2d 1051, 1053):

> "The purpose of section 13—217, and its predecessor, section 24 of the Limitations Act (Ill. Rev. Stat. 1981, ch. 83, par. 24a), is to facilitate the disposition of litigation upon the merits and to avoid its frustration upon grounds that are unrelated to the merits. (*Roth v. Northern Assurance Co.* (1964), 32 Ill. 2d 40.) We agree with our appellate court, however, that *the provision was intended to serve as an aid to the diligent, not a refuge for the negligent.*" (Emphasis added.)

An analysis of the record requires a discussion of what the plaintiff could have done and did not do. After the chancery case was dismissed with leave to amend, the plaintiff could have done just that:

filed an amended complaint. Even after the expiration of the time granted for leave to amend, it could have sought leave to file. It did neither; and the plaintiff has provided us with no explanation why it did neither. Exactly one year later, it filed a new action at law. We must assume that the plaintiff received notice of the dismissal for want of prosecution of the chancery complaint on April 14, two months after it had filed the law complaint. Therefore, the plaintiff had until April 14, 1989, to commence a new action. A little over a month after the chancery complaint was dismissed, the defendant filed its motion to dismiss the law complaint, thus alerting the plaintiff to the fact that a problem existed.

Despite the fact that section 13—217 provided a clear right to file an action after the dismissal of the chancery complaint for want of prosecution, the plaintiff, rather than exercising that right, insisted on contesting the motion to dismiss and responded thus:

"6. The complaint filed on December 5, 1986, was filed within the one year contractual limitations as tolled under Ill. Rev. Stat. ch. 73, §755.1.

7. Such complaint was dismissed without prejudice on February 10, 1987. A copy of said dismissal order is attached as exhibit B.

8. The instant Complaint filed on February 10, 1988, was filed within one year of the prior dismissal without prejudice.

9. The instant Complaint has therefore commenced within the contractual limitations."

Therein, we believe, lies the core of the plaintiff's self-inflicted problems. It seems inescapable that the plaintiff did not understand the effect of the order dismissing the chancery complaint without prejudice and with leave to amend. During argument on the motion to dismiss, the defendant's attorney said that the plaintiff was relying on section 13—217, and the plaintiff did not contradict him. It was the trial judge who pointed out that the chancery order of dismissal was a "non-final, interlocutory order dealing with pleading only."

The plaintiff now concedes that the law complaint was not one of those following any of the circumstances expressed in section 13—217. It asks "in recognition of judicial economy" that the law complaint "be deemed to be a single re-filing within one year permitted by section 13—217." In effect, it asks us to rewrite the statute, and it asks too much.

The plaintiff also argues here that the law complaint was no more than a procedurally deficient *attempt* to amend its chancery

complaint and adds that the "law division filing was its attempt to amend its complaint and transfer the case to the proper administrative division of the circuit court of Cook County." In support of those statements it relies on section 2—616(b) of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—616(b)). There is no doubt that the complaint at law, if filed as an amendment to the chancery complaint, would have met the requirements of section 2—616(b), which provides in substance that no cause of action set up in any amended pleading shall be barred by lapse of time if the time had not expired when the original pleading was filed and if the amended pleading grew out of the same transaction or occurrence set up in the original pleading. This is an appealing argument, and we regret that we must reject it. Apart from the fact that section 2—616(b) refers specifically to amend pleadings and not refilings, there are two reasons why we must: the argument was never made in the trial court, and the complaint did not "attempt to amend" its chancery complaint. It is obvious that the plaintiff thought that the chancery case was beyond amending.

It is the general rule that only issues, questions, points or contentions presented in the trial court will be considered on appeal; and a trial court should be held accountable for ruling only on what is asked of it. (See 2 Ill. L. & Prac. *Appeal & Error* §181 (1953).) As we have pointed out, rather than refiling after the chancery complaint had been dismissed, the plaintiff insisted on contesting the motion to dismiss, and it relied on section 13—217. Whether that section was applicable was the sole issue before the judge, and he properly held that section 13—217 did not apply. The plaintiff later filed a motion to vacate and asked that the dismissal order be made without prejudice. Such an order would have been self-contradictory. It was an involuntary dismissal and as such operated as an adjudication on the merits. (107 Ill. 2d R. 273.) The addition of the words "without prejudice" was designed to render it inoperative as an adjudication on the merits. See *O'Hara v. State Farm Mutual Automobile Insurance Co.* (1985), 137 Ill. App. 3d 131, 484 N.E.2d 834.

The only other argument made to the trial judge on the motion to vacate was that he should treat the motion to dismiss on the ground of lack of timeliness as a motion to dismiss for pendency of another cause of action, the chancery complaint (even though it was no longer pending). The judge understandably refused to engage in such procedural legerdemain.

The plaintiff never advanced the argument before the trial judge that it does here: that the law complaint be considered an amended

pleading under section 2—616. To permit that argument to be advanced here for the first time would not only be unfair to the trial judge but contrary to a basic principle of appellate law. *Wilcox Co. v. Bouramas* (1979), 73 Ill. App. 3d 1046, 392 N.E.2d 198.

For these reasons the judgment of the circuit court is affirmed.

Judgment affirmed.

McNAMARA and LaPORTA, JJ., concur.