ANGELA MOORE, Indiv. and as Mother and Best Friend of Corey Moore, a Minor, Plaintiff-Appellee, v. ONE STOP MEDICAL CENTER *et seq.*, Defendants (Albert Milford *et al.*, Defendants-Appellants).

First District (1st Division)  No. 1—90—2157

Opinion filed September 3, 1991.

Pretzel & Stouffer, Chartered, of Chicago (Robert Marc Chemers, Robert J. Franco, and Anne Scheitlin, of counsel), for appellant Albert Milford.

Bollinger & Ruberry, of Chicago (Barry G. Bollinger and Timothy J. Young, of counsel), for appellant Habans Gill.

Law Offices of Dennis T. Schoen, P.C., of Chicago (Michael L. Vittori, of counsel), for appellee.

JUSTICE O'CONNOR delivered the opinion of the court:

Codefendants, Drs. Milford and Gill, appeal the trial court's authority to strike Supreme Court Rule 304(a) (134 Ill. 2d R. 304(a)) language from a previous order that dismissed plaintiffs' complaint.

On May 28, 1985, plaintiff Angela Moore, individually and as mother and next friend of Corey Moore, a minor, filed a two-count complaint. Count I was against Dr. Harbans Gill, Chicago College of Osteopathic Medicine, Chicago Osteopathic Medical Center, and Dr. A. Milford *et al.* Count II was against the Chicago College of Osteopathic Medicine and Chicago Osteopathic Medical Center.

Subsequently, Dr. Milford filed a motion to dismiss pursuant to section 2—612 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—612), contending that the complaint contained insufficient allegations. On November 6, 1985, the trial court granted Dr. Milford's motion and struck count I. The court also granted the plaintiffs leave to file an amended complaint within 28 days, which was on or before December 4, 1985.

On February 4, 1987, Dr. Milford filed a motion for judgment on the pleadings, pursuant to section 2—612 of the Illinois Code of Civil Procedure, contending that the plaintiffs never filed an amended complaint. On May 5, 1987, the court heard Dr. Milford's motion and counsel for Dr. Gill appeared. During argument on Dr. Milford's motion, the following colloquy was exchanged:

"THE COURT: *** Count I was dismissed in '85 *** why would anyone want to dismiss—

DR. MILFORD's COUNSEL: Because *** they sent an amended complaint over—

* * *

THE COURT: But is [*sic*] has not been filed?

PLAINTIFFS' COUNSEL: No, it has not.

DR. MILFORD's COUNSEL: No, it has not, your Honor.

THE COURT: Then there is nothing to dismiss."

Additionally, at the close of Dr. Milford's argument, counsel for Chicago Osteopathic stated, "I would only concur with the co-defendant" and counsel for Dr. Gill said, "same with me." On May 5, 1987, trial judge Nicholson granted, with prejudice, Dr. Milford's motion for judgment on the pleadings. In pertinent part, the order stated the following:

"This cause coming on to be heard on the motion of defendant, due notice having been given, and the Court being fully advised in the premises,

IT IS HEREBY ORDERED THAT defendant Dr. Milford's Motion for Judgment on the Pleadings with respect to Count I is granted *with prejudice*.

IT IS FURTHER ORDERED THAT there is no just reason to delay the enforcement or appeal of this order pursuant to Supreme Court Rule 304." (Emphasis in original.)

The plaintiffs did not seek a reconsideration, did not attempt to vacate the dismissal order, nor did they appeal.

On August 27, 1987, defendants Chicago College of Osteopathic Medicine and the Chicago Osteopathic Medical Center (collectively referred to as Chicago Osteopathic) filed a motion for judgment on the pleadings. Dr. Milford and Dr. Gill received notice of Chicago Osteopathic's motion for judgment on the pleadings. Thereafter, Chicago Osteopathic's motion was set for hearing on November 24, 1987. Dr. Milford and Dr. Gill received notice that Chicago Osteopathic's motion would be presented on November 24, 1987. On November 24, 1987, by agreed order, Chicago Osteopathic's motion was continued. The November 24, 1987, order stated that "[i]t is hereby ordered that Defendant's Motion for Judgment on the pleadings is entered and continued to *** February 22, 1988, *without further notice.*" (Emphasis added.) On February 22, 1988, trial judge Quinn denied Chicago Osteopathic's motion and *sua sponte* vacated the final and appealable language of the May 5, 1987, order with respect to Dr. Milford.

Thereafter, on August 22, 1988, plaintiff filed an amended motion to vacate the May 5, 1987, order with respect to the minor plaintiff. Notice was served upon Dr. Milford and Chicago Osteopathic. After several continuances and briefing schedules, the amended motion to vacate was heard on April 18, 1989. Dr. Gill did not receive notice of the motion to vacate and did not appear at the hearing. On April 18, 1989, the court vacated the May 5, 1987, judgment as to the minor Corey Moore and refused to vacate the final and appealable nature of the order as to the adult plaintiff, Angela Moore. Further, the court indicated that it would certify the vacatur of the May 5, 1987, order for interlocutory appeal pursuant to Supreme Court Rule 308.

On February 26, 1990, the court denied Dr. Milford's motion to reconsider the vacatur.

Pursuant to Supreme Court Rule 308(a), the certified issue for interlocutory appeal is "whether the [t]rial [j]udge acted within her discretion on April 18, 1989, in vacating an order of dismissal as to the

minor plaintiff only, which order was entered with 304(A) language on May 5, 1987, for plaintiff's failure to refile a [c]omplaint within one year after dismissal for [w]ant of [p]rosecution, and where another [t]rial [j]udge had stricken the finding of finality by appealability *sua sponte* from the dismissal order on February 22, 1988."

■ Dr. Milford argues that Judge Quinn erroneously vacated the May 5, 1987, order that dismissed Dr. Milford with respect to the minor plaintiff's complaint, contending that the May 5, 1987, order was final and appealable because the order contained Supreme Court Rule 304(a) language, *i.e.*, that there was "no just reason to delay the enforcement or appeal of this order." We disagree. The trial court did not lose jurisdiction with respect to the May 5, 1987, order because the order was not final. The minor plaintiff's failure to file an amended complaint within the time specified by the court is characterized as a dismissal for want of prosecution and, thus, was not an adjudication on the merits. (*Kraus v. Metropolitan Two Illinois Center* (1986), 146 Ill. App. 3d 210, 213-15, 496 N.E.2d 1080.) Plaintiff's dismissal had to have been for want of prosecution because count I of plaintiff's complaint had been stricken, thus, there were not any pleadings to dismiss pursuant to section 2—612 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—612). Contrary to the doctors' assertion at oral argument, the record does not reflect that the plaintiff stated that he would stand on count I of his original complaint.

Accordingly, under section 13—217 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 13—217), a party who receives a dismissal for want of prosecution may refile his action within one year or within the remaining period of limitations, whichever is greater. (*Kraus v. Metropolitan Two Illinois Center* (1986), 146 Ill. App. 3d 210, 213, 496 N.E.2d 1080.) In the case at bar, the minor plaintiff failed to refile an amended complaint within one year. However, pursuant to section 13—211 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 13—211), the applicable statute of limitations for the minor plaintiff did not run until January 15, 1993, which is within two years from the time the minor attains the age of 18 years. Thus, the minor plaintiff could amend his complaint until January 15, 1993, and the May 5, 1987, order was not final. "[I]t is well established that inclusion of Rule 304(a) language does not make a nonappealable order final and appealable." (*O'Hara v. State Farm Mutual Automobile Insurance Co.* (1985), 137 Ill. App. 3d 131, 134, 484 N.E.2d 834, citing *Smith v. Goldstick* (1982), 110 Ill. App. 3d 431, 442 N.E.2d 551; *Aetna Casualty & Surety Co. v. Le Pes* (1972), 3 Ill. App. 3d 817, 279

N.E.2d 184.) Accordingly, because the order was not final, the trial court improperly included Supreme Court Rule 304(a) language. Thus, the trial court retained jurisdiction over the matter.

■■ The defendants argue that Judge Quinn improperly reviewed Judge Nicholson's May 5, 1987, order. We disagree. Because, the May 5, 1987, order was not final, as discussed above, it was interlocutory, meaning the order did not dispose of all of the parties' rights and liabilities. (*Peoples Gas Light & Coke Co. v. Austin* (1986), 147 Ill. App. 3d 26, 31, 497 N.E.2d 790.) Consequently, Judge Quinn had the power to review and amend the order if he believed it was erroneous. *Peoples Gas Light & Coke Co. v. Austin* (1986), 147 Ill. App. 3d 26, 31, 497 N.E.2d 790.

■■ Additionally, Dr. Gill argues that Judge Quinn's order is void because he did not receive notice of the court's intention to vacate the final and appealable language in the May 5, 1987, order. We disagree. The record clearly reflects that Dr. Gill received notice that Chicago Osteopathic's motion was pending and received notice of the continuances. The order which continued that motion to February 22, 1988, explicitly stated that the motion was continued without further notice. Thus, Dr. Gill was not denied due process. He had notice of the February 22, 1988, motion.

■ Dr. Gill also argues that Judge Nicholson's April 18, 1989, order, which vacated the May 5, 1987, order granting judgment on the pleadings, is void with respect to him because he did not receive notice of the motion. We agree. "Parties to an action who have properly appeared are entitled to notice of any motions and hearings." (*City of Chicago v. American National Bank & Trust Co.* (1988), 171 Ill. App. 3d 680, 688, 525 N.E.2d 915.) Further, Supreme Court Rule 104(b) provides that "written motions *** shall be filed with the clerk with a certificate of counsel or other proof that copies have been served on all parties who have appeared." (134 Ill. 2d R. 104(b).) Dr. Gill was entitled to notice before the May 5, 1987, order was vacated with respect to the minor plaintiff because the modification clearly affected his rights and he was entitled to be heard. Accordingly, Judge Quinn's February 22, 1988, order that vacated the final and appealable language still stands with respect to Dr. Gill. However, the April 18, 1989, order which vacated the May 5, 1987, judgment was void with respect to Dr. Gill because he did not receive notice and was denied his constitutional rights to due process. *City of Chicago v. American National Bank & Trust Co.* (1988), 171 Ill. App. 3d 680, 688-89, 525 N.E.2d 915.

In conclusion, the "final and appealable" language was properly stricken and the May 5, 1987, order was properly vacated with re-

spect to Dr. Milford. However, the trial court's order vacating the May 5, 1987, order as to Dr. Gill was void because he did not receive notice of the motion.

Reversed in part; affirmed in part; and remanded.

CAMPBELL and BUCKLEY, JJ., concur.