Clara D. Krambeer, as Administratrix of the Estate of Raymond Krambeer, Deceased, and Clara D. Krambeer, Plaintiffs, v. Gordon Canning, Florence Canning Wehr, and Graeme A. Canning, Individually and as Trustee, Defendants.

Gordon Canning, Defendant, Third-Party Plaintiff, Appellant, v. William E. Schweitzer & Company, and William E. Schweitzer, Individually, Third-Party Defendants, Appellees.

Gen. No. 48,427.

First District, Second Division.

October 24, 1961.

Hinshaw, Culbertson, Moelmann & Hoban, of Chicago (Oswell G. Treadway, Leonel I. Hatch, Jr., and Kendall Griffith, of counsel), for third-party plaintiff appellant.

Baker, McKenzie & Hightower, of Chicago (John C. McKenzie and Thomas F. Bridgman, of counsel), for appellees.

MR. PRESIDING JUSTICE FRIEND delivered the opinion of the court.

Raymond Krambeer, deceased, an employee of William E. Schweitzer and Company, a contractor, was fatally injured on a remodeling job at 3300–3314 West Lawrence Avenue in Chicago. The administratrix of his estate sued Gordon Canning, Florence Canning Wehr, and Graeme A. Canning, the owners of the property, under the Structural Work Act (Ill Rev Stats 1959, c 48, §§ 60–69), alleging various violations of the act and charging negligence alleged to have arisen out of the use of a defective ladder. Gordon Canning filed an amended third-party complaint seeking indemnification from the deceased's employer, William E. Schweitzer and Company, and William E. Schweitzer, individually, in the event that a judgment should be entered against Canning as one of the owners. The Schweitzer Company filed a motion to dismiss, based on three grounds: (1) that the complaint sought contribution among joint tortfeasors, (2) that such action was barred by the Workmen's Compen-

209

sation Act of Illinois (Ill Rev Stats 1959, c 48, §§ 138.-1–138.28) under which the Schweitzer Company had paid benefits to plaintiff aggregating some $9000, and (3) that the third-party plaintiff owed an undelegable duty to plaintiff. Following a hearing on the motion, Judge Harold G. Ward, on October 22, 1959, entered an order sustaining the Schweitzer Company's motion to dismiss the third-party complaint. Subsequent thereto, the Schweitzer Company was given leave to file an intervening petition, and thereupon the defendants, Gordon Canning and Florence Canning Wehr, sought leave to file a counterclaim against the intervening petitioner, which was denied. On November 4, 1960 the third-party plaintiffs presented a motion to Judge Thomas E. Kluczynski asking the court to vacate Judge Ward's order or, in the alternative, to enter an order modifying and amending that order to include a finding that no just reason exists for delay of an appeal, within the provisions of section 50(2) of the Civil Practice Act (Ill Rev Stats 1959, c 110). On November 18, 1960 Judge Kluczynski entered an order amending and modifying Judge Ward's order of October 22, 1959 by adding thereto the finding that no just reason exists for delay of an appeal. By this appeal, third-party plaintiffs seek a review of the order entered by Judge Ward, as amended and modified by Judge Kluczynski.

██ Section 77 of the Civil Practice Act provides that appeals shall lie to the Appellate or Supreme Court, in cases in which any form of review may be allowed by law, to review final judgments, orders, or decrees of the trial courts. In the instant case, the motion to dismiss the third-party complaint was sustained. To be final and appealable, this order should have been followed by a judgment. In Village of Niles v. Szczesny, 13 Ill2d 45, 147 NE2d 371 (1958), the

court said (p 48): "To be final and appealable, a judgment or order must terminate the litigation between the parties on the merits of the cause, so that, if affirmed, the trial court has only to proceed with the execution of the judgment. [Citing cases.] While the order need not dispose of all the issues presented by the pleadings, it must be final in the sense that it disposes of the rights of the parties, either upon the entire controversy or upon some definite and separate part thereof. [Citing cases.]" Likewise in point are Kubala v. Dudlow, 17 Ill App2d 463, 150 NE2d 643 (1958), and Aetna Plywood & Veneer Co. v. Robineau, 336 Ill App 339, 83 NE2d 896 (1949). The fact that the court here made a special finding under section 50(2) of the Civil Practice Act does not make a judgment order or decree final. The statute pursuant to which this appeal is prosecuted reads as follows:

"If multiple parties or multiple claims for relief are involved in an action, the court may enter a final order, judgment or decree as to one or more but fewer than all of the parties or claims only upon an express finding that there is no just reason for delaying enforcement or appeal. In the absence of that finding, any order, judgment or decree which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not terminate the action, is not enforceable or appealable, and is subject to revision at any time before the entry of an order, judgment or decree adjudicating all the claims, rights and liabilities of all the parties."

Clearly, the express finding that there is no just reason for delaying enforcement or appeal applies only to final orders, judgments, or decrees. Since no final order was entered here, the express statutory finding has no application.

211

For the reasons indicated, this appeal is dismissed, without prejudice to the rights of any of the parties to proceed further. The case not having been disposed of, it is still pending in the trial court.

Appeal dismissed.

BRYANT and BURKE, JJ., concur.