THE AETNA CASUALTY AND SURETY COMPANY, Plaintiff, v. TECHNAM, INCORPORATED, Defendant (George H. Scherr, Defendant and Third–Party Plaintiff-Appellant; Gilbert K. Reeves *et al.*, Third–Party Defendants-Appellees).

First District (3rd Division)   No. 86—1701

Opinion filed June 8, 1988.

George H. Scherr, of Park Forest, appellant *pro se.*

Karon, Morrison & Savikas, Ltd., of Chicago (David L. Liebman III, Ian H. Levin, and William E. Foale, of counsel), for appellees.

JUSTICE FREEMAN delivered the opinion of the court:

This appeal arises from an action in the chancery division of the circuit court of Cook County, Myron Mehlman v. Pathotox Publishers, Inc., 80 CH 8582, in which one of the third-party defendants herein, Thomas Havey Co. (Havey), was appointed the receiver in liquidation of Pathotox Publishers, Inc. (Pathotox), on or about February 22, 1982. The circuit court ordered a defendant therein and the third-party plaintiff herein, George Scherr (Scherr), to post a $10,000 bond to ensure the payment of the receiver's expenses, compensation and attorney fees. Scherr was the principal stockholder, president and a director of Pathotox, a publisher of scientific books and journals. Pursuant to that order, Scherr, as principal, and Aetna Casualty and Surety Co. (Aetna), as surety, executed a bond in the amount of $10,000 naming Havey and the other third-party defendant herein, Gilbert K. Reeves (Reeves), a Havey partner, obligees on May 10, 1982. Scherr and Technam, Inc. (Technam), agreed to indemnify Aetna for any sums which it would be liable for as a result of its undertaking as surety of the bond.

On April 6, 1983, the circuit court ordered Scherr to pay $8,500

as Havey's receiver's fee. The court also provided that Aetna, as surety on the bond, would be liable for the fee were Scherr unable to pay. Upon discharging Havey as receiver on May 5, 1983, the trial court found that Scherr was unable to pay Havey's fee and that there were insufficient assets in the estate of Pathotox to pay the fee. On June 10, 1983, Aetna paid Havey's fee in satisfaction of its obligation as surety and brought an action at law on February 14, 1984, against Scherr and Technam pursuant to their indemnification agreement to recover the sum paid.

On January 29, 1985, Scherr filed a third-party complaint in Aetna's action at law alleging that during their receivership Havey and Reeves fraudulently misappropriated various assets which were the property of Scherr individually, not the property of Pathotox. Havey and Reeves then moved for and were granted a transfer of the third-party action to the chancery division of the circuit court of Cook County for consolidation with the original action in which Havey had been appointed Pathotox' receiver. Havey and Reeves next moved for and were granted a dismissal of the third-party complaint by the chancery court on May 16, 1986. In dismissing the action, the court stated: "Third-party defendants' motion is granted, with leave granted to Scherr to file an amended pleading within 14 days ***, failing which the order of dismissal shall be final." Scherr appeals from that order.

Notwithstanding the issues briefed by the parties, we find that the order dismissing the third-party complaint was not a final order and that therefore no appeal lies therefrom.

■ Supreme Court Rule 304(a) provides:

"If multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express finding that there is no just reason for delaying enforcement or appeal. *** In the absence of such a finding, any judgment that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before the entry of a judgment adjudicating all the claims, rights, and liabilities of all the parties." 107 Ill. 2d R. 304(a).

■ In dismissing an appeal from a dismissal of a third-party complaint in *Hawthorn-Mellody Farms, Inc. v. Elgin, Joliet & Eastern Ry. Co.* (1958), 18 Ill. App. 2d 154, 151 N.E.2d 393, the court held meritless the third-party plaintiff's contention that section 50(2) of the

Civil Practice Act (Ill. Rev. Stat. 1957, ch. 110, par. 50(2)), the predecessor of Supreme Court Rule 304(a), did not apply because the third-party complaint did not present multiple claims for relief against multiple parties. Rather, it held that the third-party complaint involved therein was a matter of controversy within the supreme court's interpretation of section 50(2) in *Ariola v. Nigro* (1958), 13 Ill. 2d 200, 148 N.E.2d 787, as applying to final judgments entered on less than " 'all of the matters of controversy' " in a case. *Hawthorn-Mellody Farms, Inc.*, 18 Ill. App. 2d at 157.

In *Krambeer v. Canning* (1961), 33 Ill. App. 2d 208, 178 N.E.2d 147, the court stated:

> "In the instant case, the motion to dismiss the third-party complaint was sustained. To be final and appealable, this order should have been followed by a judgment. In *Village of Niles v. Szczesny* (1958), 13 Ill. 2d 45, 147 N.E.2d 371, the court said: 'To be final and appealable, a judgment or order must terminate the litigation between the parties on the merits of the cause, so that, if affirmed, the trial court has only to proceed with the execution of the judgment. [Citations.] While the order need not dispose of all the issues presented by the pleadings, it must be final in the sense that it disposes of the rights of the parties, either upon the entire controversy or some definite and separate part thereof. [Citations.]' " (*Krambeer,* 33 Ill. App. 2d at 210-11.)

Moreover, the trial court's special finding under section 50(2) of the Civil Practice Act (Ill. Rev. Stat. 1959, ch. 110, par. 50(2)) that no just reason existed for delaying an appeal was inadequate to render the dismissal order a judgment order or final decree. Rather, the court noted that the statutory provision for express findings of no just reason for delaying enforcement or appeal applied only to final orders, judgments or decrees and that, since no final order was entered therein, the express finding had no application. *Krambeer,* 33 Ill. App. 2d at 211.

*Aetna Casualty & Surety Co. v. Le Pes* (1972), 3 Ill. App. 3d 817, 279 N.E.2d 184, involved an appeal of the dismissal of a third-party complaint against an insurance company which alleged that its insured had caused injuries to one of the third-party plaintiffs, a husband and wife. The court dismissed the appeal because the trial court had not entered a final order or judgment. In so doing, the court noted that the trial court's dismissal order had not determined that the third-party defendant insurer was not or could not be liable to the third-party plaintiffs if its insured was liable for the third-party plain-

tiff husband's injuries. It also noted that since the trial court's order "was not on the merits and did not dispose of the rights of the parties, either upon the entire controversy or upon any part thereof, it [was] not final and therefore not appealable." *Le Pes,* 3 Ill. App. 3d 818-19.

Under the foregoing cases, it cannot be gainsaid that the dismissal order appealed from, which merely stated that, failing third-party plaintiff Scherr's filing of an amended complaint, "the order of dismissal shall be final," was not a final and appealable order. Supreme Court Rule 304(a), as applied to third-party complaints, requires a final judgment or order disposing of all, or at least a separate part, of a cause on its merits and an express finding that there is no just reason to delay enforcement or appeal. Both requirements are lacking here. As such, we *sua sponte* conclude that the appeal must be dismissed. *Geocaris v. Bangs* (1968), 91 Ill. App. 2d 81, 234 N.E.2d 17; 107 Ill. 2d R. 301.

Appeal dismissed.

WHITE, P.J., and RIZZI, J., concur.