MARJORIE HICKS, Plaintiff-Appellant, v. FRED WEAVER *et al.*, Defendants-Appellees.

Second District  No. 2—92—1069

Opinion filed January 20, 1994.

Charles E. Nave, of McNamee, Mahoney & Nave, Ltd., of Dundee, for appellant.

George W. Brannen, of Casey & Brannen, of St. Charles, for appellees.

PRESIDING JUSTICE INGLIS delivered the opinion of the court:

Plaintiff, Marjorie Hicks, appeals the order of the circuit court of Kane County directing her to amend the pleadings on penalty of dismissal of her second amended complaint against defendants, Fred and Shirley Weaver. For the following reasons, we dismiss this appeal for lack of jurisdiction.

The record indicates that plaintiff sued her landlord for damages arising from injuries she incurred when she slipped on a patch of snow and ice on the landlord's property. Plaintiff alleged a duty to remove snow and ice arising from an oral agreement made contemporaneous to the written lease. Plaintiff amended this complaint without leave of court to correct a scrivener's error.

Defendants moved for dismissal of the amended complaint. Pursuant to sections 2—615 and 2—619 of the Civil Practice Law (Ill. Rev. Stat. 1991, ch. 110, pars. 2—615, 2—619 (now 735 ILCS 5/2—615, 2—619 (West 1992))), defendants alleged the failure to file within the appropriate statute of limitations period and the failure to state a cause of action. The court denied the motion as to the statute of limitations but granted the motion as to the failure to state a cause of action and allowed plaintiff 28 days to file an amended complaint.

Plaintiff's second amended complaint alleged a duty to remove snow and ice arising from the same contemporaneous oral agreement and alternatively arising from a contract for removal with an unknown third party. Defendants moved to dismiss the second amended complaint, pursuant to section 2—615, for the failure to state a cause of action. The court denied this motion following arguments, but subsequently granted defendants' motion to reconsider. Upon reconsideration, the court granted defendants' motion to dismiss. The court ordered:

> "(1) Defendant's [sic] Motion to Reconsider is granted and defendant's [sic] motion to dismiss is granted.
>
> (2) The parol evidence rule controls and bars evidence of the contemporaneous oral snow removal agreement which plaintiff alleged in Second Amended Complaint.

(3) There is no just reason to delay enforcement or appeal of this order.

(4) Plaintiff shall have 21 days to amend complaint and defendants 14 days to respond."

Plaintiff then brought this appeal. We find that the order calling for amendment of the complaint was not a final order and that no appeal lies therefrom.

The first duty of the appellate court is to determine whether an issue is properly before it, even though neither party raises the issue. (*Pottorf v. Clark* (1985), 134 Ill. App. 3d 349, 351.) The jurisdiction of the appellate court is limited to reviewing appeals from final judgments of the circuit courts. (*In re Marriage of Verdung* (1989), 126 Ill. 2d 542, 553; 134 Ill. 2d R. 301.) "An order which leaves the cause still pending and undecided is not a final order." (*Pottorf*, 134 Ill. App. 3d at 351.) In *Pottorf*, the defendants appealed the vacatur of a discovery order which purported to impose an automatic dismissal for noncompliance. The court held that a final and appealable order is one which "fixes, determines, and disposes of the parties' rights" and must be "enforceable without reference to outside sources." (*Pottorf*, 134 Ill. App. 3d at 351.) The court noted that although the order purported to impose automatic dismissal, such dismissal would require a separate judgment order. Finding that the automatic dismissal was not self-executing and that the order therefore did not dispose of the parties' rights, the court dismissed the appeal for lack of jurisdiction. *Pottorf*, 134 Ill. App. 3d at 351.

Similarly, in the present case, the order of the trial court does not fix, determine, or dispose of the rights of the parties. The order calls for additional pleadings. It is not a judgment ordering dismissal, but an order calling for amendment within 28 days. On its face the order makes no mention of dismissal and cannot alone operate as a dismissal. Therefore, it is not final and appealable.

The trial court's finding of no just cause for delay of enforcement or appeal does not operate to finalize an otherwise nonfinal order. (*Aetna Casualty & Surety Co. v. Technam, Inc.* (1988), 171 Ill. App. 3d 818, 821.) In *Aetna*, the third-party plaintiff appealed an order granting dismissal of the third-party complaint. The order granted leave to file amended pleadings within 14 days and purported to be final if no such pleadings were filed. The trial court had made a special finding that there was no just reason to delay appeal. The appellate court dismissed the appeal, holding that the trial court's purported finding was insufficient to change the dismissal order into a judgment order or final decree. *Aetna*, 171 Ill. App. 3d at 821.

In the present case, the trial court found no just reason to delay enforcement or appeal. This finding does not change the fact that the order does not determine any rights of the parties. Here, as in *Aetna*, the order calling for further pleadings is not a final order just because the trial court says that it is.

The trial court erred in finding its order to be appealable. The order does not dispose of the rights of the parties and is not enforceable without reference to outside sources. Thus, the order is not final and appealable. As such, we *sua sponte* conclude that the appeal must be dismissed. *Aetna*, 171 Ill. App. 3d at 822; 134 Ill. 2d R. 301.

Appeal dismissed.

GEIGER and BOWMAN, JJ., concur.