MARILYN COLE, Plaintiff-Appellant, v. HOOGENDOORN, TALBOT, DAVIDS, GODFREY AND MILLIGAN *et al.*, Defendants-Appellees.

First District (6th Division)   No. 1—01—0226

Opinion filed October 26, 2001.—Rehearing denied November 29, 2001.

Marilyn Cole, of Schaumburg, appellant *pro se*.

Hoogendoorn & Talbot, of Chicago (Kevin J. Todd, of counsel), for appellees.

JUSTICE O'MARA FROSSARD delivered the opinion of the court:
Plaintiff Marilyn Cole appeals *pro se* from a trial court order striking her second amended complaint against defendants Hoogendoorn, Talbot, Davids, Godfrey, and Milligan (Hoogendoorn, Talbot), a law firm, and Bruce J. Van Heukelem, a partner at Hoogendoorn, Talbot.

Plaintiff also appeals from the subsequent denial of her motion to reconsider that order.

This case arises from a dispute over defendants' billing of plaintiff for legal services performed on her behalf. In her *pro se* second amended complaint, plaintiff alleged common law fraud, breach of fiduciary duty, legal malpractice, and constructive fraud against defendants. Defendants filed a motion to strike and dismiss plaintiff's second amended complaint, contending that plaintiff failed to plead sufficient facts to sustain any cause of action.

On October 3, 2000, the trial court granted defendants' motion to strike and dismiss plaintiff's second amended complaint. The court ordered:

"(1) Plaintiffs' Second Amended Complaint is stricken in its entirety.

(2) Plaintiff is granted 14 days, to October 17, 2000, to file a Third Amended Complaint limited to a breach of contract claim."

Plaintiff subsequently filed a motion to reconsider the trial court's order striking her second amended complaint. In her motion, plaintiff stated she was electing to stand on her second amended complaint. On December 14, 2000, the trial court denied plaintiff's motion to reconsider and told plaintiff during the hearing on the motion that "[y]our case is not dismissed with prejudice, not at all." However, the court's written order stated that "[p]ursuant to Supreme Court Rule 304(a) *** the Court finds that no just reason exists to delay the enforcement of or appeal from this order."

On appeal, plaintiff asserts this court has jurisdiction over her appeal pursuant to Supreme Court Rule 304(a) (155 Ill. 2d R. 304(a)) and contends that her second amended complaint stated valid causes of action against defendants for common law fraud, breach of fiduciary duty, legal malpractice, and constructive fraud. Defendants respond that the appeal should be dismissed because there has never been a final and appealable order that would provide this court with jurisdiction over the appeal.

■ The finality of an order is determined by an examination of the substance as opposed to the form of that order. *Gutenkauf v. Gutenkauf*, 69 Ill. App. 3d 871, 873 (1979). Appellate jurisdiction is limited to review of final judgments unless an order falls within a statutory or supreme court exception. *Pekin Insurance Co. v. Benson*, 306 Ill. App. 3d 367, 375 (1999). Normally an order striking or dismissing a complaint is not final and therefore not appealable unless its language indicates the litigation is terminated and the plaintiff will not be permitted to replead. *Ben Kozloff, Inc. v. Leahy*, 149 Ill. App. 3d 504, 506 (1986). Even if a plaintiff subsequently elects to stand on his or

her complaint, an order striking or dismissing a complaint is not final until the trial court enters an order dismissing the suit. *Wick Building Systems, Inc. v. Bunning*, 107 Ill. App. 3d 61, 62-63 (1982).

In *Hicks v. Weaver*, 255 Ill. App. 3d 650, 651 (1994), plaintiff sued her landlord for damages arising from injuries she incurred when she slipped on a patch of snow and ice on her landlord's property. Defendant moved to dismiss her second amended complaint pursuant to section 2—615 of the Code of Civil Procedure (735 ILCS 5/2—615 (West 1992)), for the failure to state a cause of action. The court granted the motion to dismiss and in its order stated there was no just reason to delay enforcement or appeal of the order. The court further indicated that "Plaintiff shall have 21 days to amend complaint and defendants 14 days to respond." *Hicks*, 255 Ill. App. 3d at 652. On appeal, the court found that the order of the trial court did not fix, determine, or dispose of the rights of the parties, but instead allowed for additional pleadings. The court held that the order allowing for amendment of the complaint was not a final order and dismissed the appeal for lack of jurisdiction. *Hicks*, 255 Ill. App. 3d at 652-53.

Similarly, in this case, the order of the trial court does not fix, determine, or dispose of the rights of the parties. The order allows additional pleadings. It is not a judgment ordering dismissal, but an order calling for amendment within 14 days. The trial court's order striking plaintiff's second amended complaint expressly granted plaintiff the right to file a third amended complaint. This order entered October 3, 2000, gave plaintiff leave to file an amended complaint and did not dismiss the suit with prejudice; therefore, it is not a final judgment. *Hicks*, 255 Ill. App. 3d at 652.

On December 14, 2000, plaintiff argued her motion to reconsider. During that hearing the plaintiff correctly requested that the court enter an order dismissing her entire suit so she could proceed in the appellate court:

"PLAINTIFF: No. My complaint is just fine the way it is and you just don't agree with that, then let the appellate court make a decision. If they dismiss it, that's the end of it. That's fine.

THE COURT: I'm trying to figure out a way to do that. I don't know how—

PLAINTIFF: Dismiss the whole thing with prejudice so I can go to the appellate court. The appellate court—I do have that decision someplace here, maybe back there, the appellate court—I've already tried doing it, they said it's too early—

THE COURT: It wasn't final—

PLAINTIFF:—it's not a final appealable order. So dismiss it with prejudice, make it a final appealable order, let me go to the appel-

late court and they can make their ruling on it—on my whole Second Amended Complaint.

\* \* \*

THE COURT: The October 3rd order to strike the complaint and grant 14 days to amend the complaint is the only order that's in effect at this point in time. What I'll do is I'll give you [Rule] 304(a) language as to that order and/or this order denying your Motion to Reconsider if it's appropriate. I'm not even sure that there's any basis here set out for reconsideration even in the motion itself, but the [Rule] 304(a) language will apply to the previous order.

\* \* \*

PLAINTIFF: So I can go to the appellate court at this point?

THE COURT: I don't know what the appellate court is going to do and I don't want to mislead you into telling you the appellate court is going to accept it. I'm giving you a basis to start.

\* \* \*

THE COURT: Your case is not dismissed with prejudice, not at all.

PLAINTIFF: It's like an interlocutory appeal, is that true?

THE COURT: Potentially."

The trial court's order denying plaintiff's motion to reconsider stated that, pursuant to Supreme Court Rule 304(a) (155 Ill. 2d R. 304(a)), there was no just reason to delay enforcement or appeal. The inclusion of this language, however, did not render this order final because the order itself, like the order striking and dismissing plaintiff's second amended complaint, did not dismiss plaintiff's suit or bar her from filing an amended complaint. "In order to have preserved the trial judge's rulings for review, it would have been necessary for plaintiff to have stood on the dismissed complaints and obtained an order dismissing the action with prejudice." *Boatmen's National Bank of Belleville v. Direct Lines, Inc.*, 167 Ill. 2d 88, 99 (1995). That is exactly what plaintiff attempted to do in this case. The plaintiff during the hearing on her motion to reconsider clearly and correctly requested that the trial court enter an order dismissing her entire suit with prejudice so she could proceed in the appellate court. "Dismiss the whole thing with prejudice so I can go to the appellate court." The trial court erroneously rejected that request.

Moreover, during the hearing on the motion to reconsider, the trial court denied plaintiff's motion to reconsider, yet informed plaintiff that her case was not dismissed with prejudice. That discussion was at best confusing. The Rule 304(a) language added by the trial court to the order denying plaintiff's motion to reconsider only served to escalate the confusion. Moreover, the defendants correctly objected to the Rule 304(a) language being given at that point in the process. Yet

the trial court over defense objection included the language in the order entered December 14, 2000. In that order the court denied the plaintiff's motion to reconsider, allowed the order of October 3, 2000, to stand and added Rule 304(a) language.

The law is clear that in a case such as this where a plaintiff chooses to stand on the complaint, the order is not final or appealable until the trial court enters an order dismissing the suit. "When a plaintiff subsequently elects to stand on his complaint rather than amend, the order striking or dismissing the complaint is not appealable until an order dismissing the action is entered." *Miller v. Suburban Medical Center at Hoffman Estates, Inc.*, 184 Ill. App. 3d 545, 547 (1989); *County of Knox v. Switzer*, 151 Ill. App. 3d 873 (1987); *Ben Kozloff*, 149 Ill. App. 3d 504; *Wick Building Systems*, 107 Ill. App. 3d 61; *Martin v. Marks*, 80 Ill. App. 3d 915 (1980); *Schoen v. Caterpillar Tractor Co.*, 77 Ill. App. 2d 315 (1966).

■ Where an order is not final and appealable, the trial court cannot confer appellate jurisdiction by simply stating in such order that there is no just reason for delaying enforcement or appeal. *Aetna Casualty & Surety Co. v. Technam, Inc.*, 171 Ill. App. 3d 818, 821 (1988); *Savage v. Schoenstadt*, 68 Ill. App. 3d 552 (1979); *Coble v. Chicago Health Club, Inc.*, 53 Ill. App. 3d 1019 (1977); *Mexicali Club, Inc. v. Illinois Liquor Control Comm'n*, 37 Ill. App. 3d 797 (1976). In *Aetna*, the third-party plaintiff appealed an order dismissing the third-party complaint. The order gave plaintiff 14 days to file amended pleadings and indicated if no such pleadings were filed, "the order of dismissal shall be final." *Aetna*, 171 Ill. App. 3d at 820. The appellate court dismissed the appeal, holding that the trial court's order was insufficient to change the dismissal order into a final and appealable order. *Aetna*, 171 Ill. App. 3d at 821.

■ In the present case the court indicated in the order resolving the plaintiff's motion to reconsider that "Pursuant to Supreme court Rule 304(a), over defendants' objection, the court finds no just reason exists to delay the enforcement of or appeal from this order." That language does not change the fact that the order does not fix, determine, or dispose of the rights of the parties. That order is not a final order just because the trial court says that it is by using Rule 304(a) language.

For the reasons previously discussed, neither order from which plaintiff appeals is final. We are at this point without jurisdiction to address the merits of plaintiff's appeal and must therefore dismiss her appeal. We note, however, that our decision does not preclude plaintiff from filing a motion with the trial court stating her intent to stand on her second amended complaint and seeking dismissal of that com-

plaint with prejudice. A trial court order granting such a motion would constitute a final order over which this court would potentially have jurisdiction. *Pro se* litigants are entitled to equal access to the courts, and the court has an obligation not to undermine that access by interjecting confusion into the process.

Appeal dismissed.

GALLAGHER, P.J., and O'BRIEN, J., concur.