2021 IL App (1st) 201114-U

FIFTH DIVISION
Order filed: November 5, 2021

No. 1-20-1114

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| 660 INDIAN HILL LLC SERIES FIREHOUSE, | ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| SALINA VEST and 1850 HUBBARD, LLC | ) ) | |
| Defendants. | ) ) | |
| SALINA VEST and 1850 HUBBARD, LLC, | ) ) ) | |
| Plaintiffs-Appellants, | ) ) | |
| v. | ) ) ) | Nos. 18 CH 11166 18 CH 12397 |
| MARK ZOLL; HG CONTRACTING SERVICES, INC.; 660 INDIAN HILL SERIES FIREHOUSE; WILLIAM BAZIANOS, ESQ.; STEPHEN PAWLOW; LEIGH BALLEN; BUDMAN HOLDINGS, LLC d/b/a Chicago Bridge Loan; and BUDMAN BUILDING, LLC, | ) ) ) ) ) ) ) | Honorable Alison C. Conlon, Judge presiding. |
| Defendants-Appellees. | ) | |

JUSTICE HOFFMAN delivered the judgment of the court.
Presiding Justice Delort and Justice Connors concurred in the judgment.

**ORDER**

¶ 1 *Held*: We affirmed that part of the circuit court's order dismissing two defendants with prejudice, and we dismissed the remainder of the plaintiffs' appeal for lack of jurisdiction.

¶ 2 The plaintiffs, Salina Vest and 1850 Hubbard, LLC (1850 Hubbard), appeal from orders of the circuit court of Cook County that (1) dismissed their amended complaint; (2) denied their motion for leave to file a second amended complaint; (3) denied their motion to reconsider; and (4) denied their motion for leave to issue limited discovery. On appeal, the plaintiffs challenge the circuit court's decision in each of the four orders. For the reasons that follow, we affirm in part and dismiss in part.

¶ 3 The following factual recitation is derived from the pleadings and exhibits of record.

¶ 4 Vest is the owner of a company that operated out of a single-story warehouse and office building located at 1844-1850 West Hubbard Street (the Hubbard property). From 2013 to 2017, Vest was involved in an unrelated litigation (the litigation) with the goal of purchasing both the Hubbard property and the adjacent properties located at 455-59 North Wolcott Avenue (together known as the subject properties). At the time, 455-59 North Wolcott Avenue consisted of two parcels: a parking lot located at 455 N. Wolcott and a disused Chicago firehouse located at 459 N. Wolcott (the firehouse property).

¶ 5    On March 16, 2017, Vest settled the litigation and agreed to either purchase the subject properties by April 17, 2017, or vacate the Hubbard property. Vest created and designated 1850 Hubbard as the entity assigned the right to purchase the subject properties.

¶ 6    On April 17, 2017, Vest, through 1850 Hubbard, acquired the subject properties for $2,200,000. Vest financed the purchase of the subject properties with a loan from Budman Holdings, LLC d/b/a Chicago Bridge Loan (hereinafter Budman Holdings, LLC). As a condition of that loan, Vest executed a Purchase and Sale Agreement (PSA), selling the firehouse property to 660 Indian Hill, LLC Series Firehouse (660 Series Firehouse) for the purchase price of $1,000,000. Both the purchase of the subject properties and the sale of the firehouse property to 660 Series Firehouse closed on April 28, 2017.

¶ 7    In June 2018, 660 Series Firehouse entered into a contract to sell the firehouse property to a third party. In connection with the due diligence for the sale, 660 Series Firehouse discovered that Vest and 1850 Hubbard had recorded a *lis pendens* notice against the firehouse property. The original *lis pendens* notice was recorded on July 20, 2018, and it certified that a complaint had been filed against 660 Series Firehouse, seeking recission of a real estate contract based on breach of contract and breach of easement. A corrected *lis pendens* notice was recorded on July 24, 2018, certifying that a complaint was filed on "July of 2018" against 660 Series Firehouse based on consumer fraud and fraudulent inducement. Neither *lis pendens* notice provided a circuit court case number for the alleged complaint.

¶ 8    On September 4, 2018, 660 Series Firehouse filed a four-count complaint against Vest and 1850 Hubbard (case no. 18 CH 11166) to, *inter alia*, quiet title to the firehouse property. In its

complaint, 660 Series Firehouse alleged that Vest and 1850 Hubbard filed a *lis pendens* notice on the firehouse property without ever actually filing a complaint in the circuit court. 660 Series Firehouse filed an amended complaint on October 2, 2018, asserting the same claims.

¶ 9    The following day, on October 3, 2018, Vest and 1850 Hubbard filed a three-count complaint (case no. 18 CH 12397), naming the following parties as defendants: Mark Zoll; HG Contracting Services, Inc.; 660 Indian Hill, LLC; 660 Indian Hill, LLC Series Firehouse; William Bazianos, Esq.; Stephen Pawlow, Andee Pawlow; Leigh Ballen; Budman Holdings, LLC; and the Budman Building, LLC. The complaint alleged that the defendants violated section 2 of the Consumer Fraud and Deceptive Business Practices Act (Consumer Fraud Act) (815 ILCS 505/1) and committed common law fraud. The complaint also sought a declaratory judgment that the PSA was void due to economic duress.

¶ 10    Vest and 1850 Hubbard alleged the following facts in their complaint. Zoll and his company, HG Contracting Services, Inc., approached Vest at some point in 2016 to offer his services as a general contractor. Eventually, he learned of the litigation and Vest's desire to purchase the subject properties. In September 2016, he introduced her to Leigh Ballen—the manager of Budman Holdings, LLC and Budman Building, LLC (together known as the Ballen defendants)—as a potential lender to finance her purchase of the subject properties. Vest and Ballen reached a financing agreement whereby one of the Ballen defendants would loan her the entire purchase price for the subject properties. Zoll and Ballen did not disclose to Vest that they were engaged in a joint venture, through the entity 660 Indian Hill, LLC (660 Indian Hill), to buy and flip distressed properties from owners unable to secure "traditional financing." In addition to Zoll and Ballen, 660 Indian Hill was managed by Zoll's sister and brother-in-law: Andee and

Stephen Pawlow (the Pawlows). Over the next eight months, the defendants made "statements and promises" to Vest about creating "a shared business venture" to develop the subject properties and "share equity" in other properties owned by the defendants. The defendants' statements induced Vest to not seek out additional financing opportunities. However, after Vest settled the litigation and faced a 30-day deadline to purchase the subject properties, the defendants "altered the terms of the deal" and told Vest they would only provide her with the funds to purchase the subject properties if she agreed to sell the firehouse property to a separate entity designated by the defendants. Because Vest faced a "hard cliff" to acquire the subject properties on April 17, 2017, she was unable to obtain alternative financing, and she, therefore, accepted the terms of the loan. On April 17, 2017, 1850 Hubbard acquired the subject properties with funds advanced by Budman Holdings, LLC and executed the PSA selling the firehouse property to 660 Indian Hill, "under duress." On April 28, 2017, a second closing occurred whereby 660 Series Firehouse, a new entity also managed by Zoll, Ballen, and the Pawlows, took title to the firehouse property.

¶ 11     On November 19, 2018, 660 Series Firehouse and the Ballen defendants filed a combined motion to dismiss the plaintiffs' complaint in case no. 18 CH 12397 pursuant to section 2-619.1 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619.1 (West 2018)). Therein, they argued that the plaintiffs' claims should be dismissed for the following reasons: (1) all three claims relate to an unenforceable oral promise to lend money pursuant to the Illinois Credit Agreements Act (CAA) (815 ILCS 160/1, *et seq.* (West 2016)); (2) the complaint's consumer fraud claim failed to plead facts establishing deceptive conduct, causation, or actual damages; (3) the complaint's common law fraud claim failed to plead the elements of common law fraud; and (4) 1850 Hubbard is not entitled to a declaratory judgment or recission of the PSA because the complaint failed to allege a

wrongful act or that the parties can be returned to the *status quo ante*. Ballen also argued that he should be dismissed because any claim against him as an individual acting on behalf of an LLC is barred by the Limited Liability Company Act (LLC Act) (805 ILCS 180/10-10 (West 2016)).

¶ 12     On December 13, 2018, the circuit court granted 660 Series Firehouse's motion to consolidate case no. 18 CH 11166 and case no. 18 CH 12397. Although the cases were consolidated, this appeal concerns events related to case no. 18 CH 12397 and so we limit our discussion going forward to developments involving only that case.

¶ 13     On January 1, 2019, Zoll, HG Contracting Services, Inc., Indian Hill, LLC, and the Pawlows filed their own motion to dismiss the plaintiffs' complaint pursuant to section 2-615 of the Code (735 ILCS 5/2-615 (West 2018)). They argued that the complaint failed to allege sufficient facts to state a claim for consumer fraud, common law fraud, or economic duress. They also argued that Zoll and the Pawlow's should be dismissed pursuant to the LLC Act.

¶ 14     On February 21, 2021, Vest and 1850 Hubbard filed a six-count amended complaint against the same defendants. The amended complaint again alleged a violation of the Consumer Fraud Act (Count I) and common law fraud (Count II), but it added new claims alleging that Zoll breached his fiduciary duties (Count III) and Ballen, the Pawlows, and Bazianos aided and abetted Zoll's breach (Count IV). The plaintiffs also sought a declaratory judgment that the PSA was void for economic duress (Count V) and recission of the PSA based on Zoll's breach of fiduciary duties and economic duress (Count VI).

¶ 15     In the amended complaint, the plaintiffs alleged that, in January 2016, Zoll and Vest entered into a partnership "to jointly acquire, renovate, and share profits/equity in [the firehouse property] and certain other, unrelated pieced of real property." The partnership's goal "was to create, manage

and jointly profit in video production studios and events spaces." Zoll's primary responsibilities in the partnership included securing financing to acquire the subject properties and acting as contractor for the renovations. Vest's responsibilities "would be to run the day-to-day operations of the various studios." Zoll introduced Vest to Ballen as a potential source of financing, and Vest and Ballen reached an agreement whereby one of Ballen's entities (Budman Holdings, LLC) would finance 100% of the purchase price for the subject properties. According to the amended complaint, Zoll and the other defendants "made false statements as to the creation of a joint venture, and the terms of the financing of the [firehouse] property" to induce Vest to rely on them exclusively for the financing of her purchase of the subject properties. Then the defendants, acting in concert, took advantage of Vest's "hard cliff" to purchase the subject properties by April 17, 2017, or face eviction in order to extract new terms in their favor, including forcing Vest to sell them the firehouse property. The plaintiffs attached copies of several emails they contend support the fact that Zoll and Vest entered into a partnership.

¶ 16    On May 16, 2019, 660 Series Firehouse and the Ballen defendants filed a combined motion to dismiss the plaintiffs' amended complaint pursuant to section 2-619.1 of the Code. They argued that the plaintiffs' amended complaint should be dismissed for the following reasons: all of the claims are barred by the CAA because they are all based on, or relate to, an unenforceable oral promise to lend; Ballen should be dismissed as a defendant pursuant to the LLC Act because the allegations only state that he acted in his capacity as manager of various LLC's and not in his individual capacity; Vest does not have standing to bring a claim under the Consumer Fraud Act because she does not meet the statutory definition of a consumer; Vest's consumer fraud claim failed to allege that the defendants deceived her "in the course of trade or commerce" as required

by the Consumer Fraud Act; the plaintiffs' common law fraud claim failed to allege a false statement of a material fact, instead alleging only that various defendants made statements of future intent; Vest failed to allege a partnership with Zoll ,and therefore, she cannot pursue a claim against Ballen for aiding and abetting Zoll's breach of fiduciary duties; 1850 Hubbard failed to sufficiently plead economic duress; and 1850 Hubbard failed to allege sufficient facts to support recission of the PSA. They also complained that the amended complaint repeatedly failed to distinguish which of the 11 named defendants actually undertook an alleged action.

¶ 17    On that same date, the remaining defendants, Zoll, HG Contracting Services, Inc., 660 Indian Hill, the Pawlows, and Bazianos, filed their own combined motion to dismiss the amended complaint pursuant to section 2-619.1 of the Code. In their motion to dismiss, they argued that the plaintiffs' claims were all barred by the CAA; Zoll and the Pawlows should be dismissed under the LLC Act; the breach of fiduciary duty claim should be dismissed because the amended complaint failed to sufficiently allege Vest and Zoll formed a partnership; and the amended complaint makes no allegations that warrant any claims against HG Contracting Services, Inc. or Bazianos. In addition to the above arguments, they also joined and adopted the Ballen defendants' arguments with respect to the consumer fraud claim, the common law fraud claim, the aiding and abetting claim, the duress claim, and the recission claim.

¶ 18    On February 18, 2020, the circuit court entered an order: dismissing Budman Holdings, LLC and Budman Building, LLC with prejudice "pursuant to the [CAA]"; dismissing "the balance of the claims" in the plaintiffs' amended complaint without prejudice; prohibiting the plaintiffs from repleading "any claims based upon an unwritten and unsigned promise to lend by a creditor"; and granting the plaintiffs leave to file a second amended complaint on or before March 24, 2020.

¶ 19    On March 16, 2020, the circuit court of Cook County shut down due to the ongoing COVID-19 pandemic. The court opened again on June 6, 2020. The parties appeared before the court via Zoom on June 19, 2020, at which time the plaintiffs' counsel advised the court of his intentions to withdraw from the case. The court granted counsel leave to file a motion to withdraw.

¶ 20    On June 30, 2020, 660 Series Firehouse moved to dismiss case no. 18 CH 12397 with prejudice due to the plaintiffs' failure to timely file its second amended complaint. A week later, on July 7, 2020, the plaintiffs' counsel filed its motion to withdraw. The plaintiffs' obtained new counsel and the court granted the plaintiffs' leave to substitute attorney on July 13, 2020. Subsequently, on July 29, 2020, the court denied 660 Series Firehouse's motion to dismiss the case with prejudice.

¶ 21    The plaintiffs filed a motion for leave to file a second amended complaint on August 3, 2020, attaching a copy of their proposed second amended complaint to the motion. In support, the plaintiffs asserted that their proposed second amended complaint "does not contain any claims based upon an unwritten promise to lend and thus cures the defects previously found by the Court" and that the defendants would not suffer prejudice if the court granted them leave to file the second amended complaint.

¶ 22    The second amended complaint asserted ten counts, alleging many of the same facts as the first amended complaint. Counts 1 through 3 alleged that Zoll breached his fiduciary duties to Vest and that the Pawlows, Ballen, and Bazianos aided and abetted Zoll. Counts IV and V alleged that Zoll committed common law fraud through false misrepresentations and concealment to induce Vest, through 1850 Hubbard, to sell the defendants the firehouse property and that the Pawlows,

Ballen, and Bazianos aided and abetted his effort. Count VI alleged that the defendants engaged in a civil conspiracy to "dispossess and deprive Vest of ownership, fair value and use of [the firehouse property]." Count VII accused the Pawlows and Ballen of tortiously interfering with Vest's "valid and enforceable" partnership contract with Zoll. Count VIII pled, in the alternative, that the Pawlows and Ballen tortiously interfered with Vest's "prospective business expectancy." Count IX alleged unjust enrichment. In count X, 1850 Hubbard alleged that 660 Series Firehouse negligently performed renovations at the firehouse property resulting in damage to the Hubbard property. The second amended complaint does not allege any claims against Budman Holdings, LLC or Budman Building, LLC, nor does it name them as defendants.

¶ 23     On August 10, 2020, 660 Series Firehouse and Ballen filed their objection to the plaintiffs' motion for leave to file a second amended complaint, arguing that the second amended complaint did not cure the defects of the first amended complaint, they would sustain prejudice if the plaintiffs are allowed to file the second amended complaint, the proposed amendment is untimely, and the plaintiffs have already had an opportunity to amend and should not be afforded another. The remaining defendants filed their objections on the same date, raising many of the same arguments: the proposed second amended complaint did not cure the defects of the first amended complaint and the defendants would be prejudiced if the court were to allow such an amendment.

¶ 24     The circuit court entered an order denying the plaintiffs' motion for leave to file their second amended complaint on August 14, 2020. In its written order, the court stated that the plaintiffs' second amended complaint failed to cure the defects of the prior dismissed complaint. The court also made a finding pursuant to Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016), stating that "there [was] no just reason for delaying either enforcement or appeal in the dismissal of Case No.

2018 CH 12397 and denial of [the plaintiffs'] Motion for Leave to File a Second Amended Complaint."

¶ 25    On September 14, 2020, the plaintiffs filed a motion to reconsider the court's denial, arguing that the circuit court misapplied the law when it determined that their proposed second amended complaint did not cure the defects of the previously dismissed complaint. That same day, the plaintiffs also filed a motion for leave to issue limited discovery. In their motion, the plaintiffs sought to discover evidence pertaining to the "circumstances surrounding [the] creation" of an email authored by Zoll, which the plaintiffs argued was proof that Zoll and Vest had entered into a partnership, and evidence of how the Pawlows, Ballen, and Bazianos encouraged and materially assisted Zoll. The circuit court denied both of the plaintiffs' motions in an order entered on September 18, 2020. This appeal followed.

¶ 26    On appeal, the plaintiffs challenge three orders of the circuit court: the February 18, 2020 order dismissing their complaint; the August 14, 2020 order denying them leave to file a second amended complaint; and the September 18, 2020 order denying their motion to reconsider and denying them leave to issue limited discovery. According to the plaintiffs, the circuit court erred in entering each of these orders.

¶ 27 At the outset, we must determine whether this court has jurisdiction to entertain the plaintiffs' appeal. Although the parties do not challenge this court's jurisdiction, we have an independent duty to consider the issue and dismiss the appeal where our jurisdiction is lacking. *Palmolive Tower Condominiums v. Simon*, 409 Ill. App. 3d 539, 542 (2011). "Appellate jurisdiction is limited to review of final judgments unless an order falls within a statutory or supreme court exception." *Cole v. Hoogendoorn, Talbot, Davids, Godfrey and Milligan*, 325 Ill. App. 3d 1152, 1153 (2001).

¶ 28 In their brief, the plaintiffs assert that we have jurisdiction to hear their appeal pursuant to Illinois Supreme Court Rule 304(a), which allows parties to take an appeal from a final judgment as to one or more but fewer than all parties or claims "only if the trial court has made an express written finding that there is no just reason for delaying either enforcement or appeal or both." Ill. Sup.Ct. R. 304(a) (eff. Mar. 8, 2016). The only order in the record containing a Rule 304(a) finding is the court's August 14, 2020 order denying the plaintiffs' motion for leave to file a second amended complaint.

¶ 29 Ordinarily, an order denying leave to file an amended complaint does not constitute a final judgment notwithstanding a court's Rule 304(a) finding. *Enblom v. Milwaukee Golf Development*, 227 Ill. App. 3d 623, 628 (1992). '[A] court's Rule 304(a) finding cannot transform a nonfinal and nonappealable judgment into final and appealable one for purposes of Rule 304(a), merely by use of the operative finding." *Ely v. Pivar*, 2018 IL App (1st) 170626, ¶ 40. If, however, we find that we have jurisdiction over the trial court's underlying order dismissing the counts that were sought to be amended, we may review the order denying leave to file an amended complaint with respect to those counts. *Id.* ¶ 41. We therefore must determine whether we have jurisdiction over any part of the circuit court's underlying dismissal order.

¶ 30 "[A]n order striking or dismissing a complaint is not final and therefore not appealable unless its language indicates the litigation is terminated and the plaintiff will not be permitted to replead." *Cole*, 325 Ill. App.3d at 1153. The court's February 18, 2020 dismissal order did the following: dismissed two defendants—Budman Holdings, LLC and Budman Building, LLC—with prejudice, dismissed "the balance" of the plaintiffs' claims against the other defendants without prejudice, and afforded the plaintiffs an opportunity to amend their complaint. There can

be no doubt that the February 18, 2020 order was a final judgment as to Budman Holdings, LLC and Budman Building, LLC because the court dismissed them with prejudice, and as a consequence, we have jurisdiction to consider any challenge the plaintiffs raise regarding the dismissal of those two defendants. However, with regard to the plaintiffs' counts against the other defendants, the February 18, 2020 dismissal order was not a final judgment, and we, therefore, lack jurisdiction to consider the court's dismissal of those counts. As previously mentioned, without jurisdiction to consider the underlying order dismissing the counts the plaintiffs sought to amend, we do not have jurisdiction to review the denial of a motion for leave to file a complaint amending the dismissed counts. See *Enblom*, 227 Ill. App. 3d at 628. Accordingly, we conclude that we have jurisdiction to review only the plaintiffs' claims, if any, challenging the circuit court's orders of February 18, 2020 and August 14, 2020 with regard to the dismissal of Budman Holdings, LLC and Budman Building, LLC. As to all other counts raised against any remaining defendants, the dismissal order was not a final judgment and we do not have jurisdiction to review either the February 18, 2020 dismissal order or the August 14, 2020 denial of motion for leave to file the second amended complaint.

¶ 31     We also conclude that we do not have jurisdiction to review the plaintiffs' challenge to the court's September 18, 2020 order denying their motion to reconsider and denying them leave to issue discovery. An order denying a motion to reconsider is not appealable and is not a judgment. *McCorry v. Gooneratne*, 332 Ill. App. 3d 935, 941 (2002) (citing *Sears v. Sears*, 85 Ill. 2d 253, 258 (1981)). Likewise, discovery orders, such as the one denied here, are interlocutory in nature and are, therefore, not appealable except in circumstances not relevant here. See *People ex re. Scott v. Silverstein*, 87 Ill. 2d 167, 171 (1981).

¶ 32    In sum, we conclude that we have jurisdiction to review that part of the circuit court's February 18, 2020 order dismissing Budman Holdings, LLC and Budman Building, LLC with prejudice pursuant to the CAA. We do not, however, have jurisdiction to consider any other portion of that order because it was not a final judgment. We also conclude that we do not have jurisdiction to consider the court's September 18, 2020 order, as it was also not a final judgment.

¶ 33    Turning now to the plaintiffs' arguments on appeal, we have reviewed the plaintiffs' appellate brief carefully, and we can find no argument addressed to the court's February 18, 2020 dismissal of Budman Holdings, LLC and Budman Building, LLC pursuant to the CAA. That argument is therefore waived. Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020) ("Points not argued are forfeited and shall not be raised in the reply brief, in oral argument, or on petition for rehearing."). Because that is the only issue that we have jurisdiction to consider, we must affirm that portion of the circuit court's February 18, 2020 order dismissing Budman Holdings, LLC and Budman Building, LLC with prejudice. The remainder of the plaintiffs' appeal is dismissed for lack of jurisdiction.

¶ 34    Affirmed in part; dismissed in part.